## CHARLEY HAIRSTON v. THE STATE.

*No. 690.   Decided April 20.*

**Exhibiting a Gaming Bank—"Senate Poker."**—A game of cards in which no particular table is required, in which the dealer does not play as against the bettors, and in which he has no pecuniary interest, except simply to collect a per cent off the bets for the proprietor of the house, and cashes the chips at the end of the game, where chips have been used by the bettors, is neither a banking game nor a gaming table, within the provisions of the statute. Following Chappell v. The State, 27 Texas Criminal Appeals, 310, and Lyle v. The State, 30 Texas Criminal Appeals, 118.

APPEAL from the County Court of McLennan. Tried below before Hon. W. H. JENKINS, County Judge.

This appeal is from a conviction for exhibiting a gaming table and bank for purposes of gaming, the punishment assessed being a fine of $25 and ten days' imprisonment in the county jail.

The opinion states the case.

*J. B. Scarborough,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of exhibiting, for the purpose of gaming, a gaming bank and table. The proof is, that the game played was "senate poker." It was testified, the game "is played with cards. The dealer sits on one side of a table, and the players around in front of him. The players put up their money in the dealer's hands, for which he issues to the players some ivory or bone chips. The dealer then deals to each man five cards. Then the players either bet their chips or not, according as they are willing to venture on their hands. They may discard and draw more, if they see fit. For each dollar that is bet on the game, the dealer takes off five per cent or ten per cent, or something like that amount, for the proprietor of the house. I suppose it is for the use of the cards, lights, etc. This is all the interest the dealer has in the game, unless he takes a hand, and in that event he plays on the same footing with the rest of the players. At the end of each game the chips are handed in to the dealer, who cashes them. No particular table is required for the game. It may be played as well upon the floor, a bed, a rock, or any smooth surface, as upon a table. I know of no rule of the game that requires the dealing to be done by one man. The result of the game has no pecuniary effect upon the dealer, unless he takes a hand and plays, and then his interest in the result of the game is identically the same as that of each player. He does not bet against the crowd. All the betting and playing is done among the players themselves. The dealer never bets on the game, unless he takes a hand and

plays and bets like the rest of the players. I never saw defendant take a hand nor bet on the game of 'senate poker.'" Another witness testified in substance as did the one whose testimony is quoted. Under this testimony, the game described was neither a banking game nor a gaming table, within the provisions of the statute. The case of Lyle v. The State, 30 Texas Criminal Appeals, 118, is directly in point, and decisive of this case. See also Chappell v. The State, 27 Texas Criminal Appeals, 310, to the same effect. Under these authorities, the evidence does not sustain the conviction.

The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.