## Josie Coleman v. The State.

### No. 2864.   Decided May 3, 1905.

**Exhibiting Gaming Table—One Against The Many.**

Where in a prosecution for keeping and exhibiting a gaming table, the evidence simply showed that defendant owned the table upon which the game of craps was played, and that he participated in the game as others did, and that the principle of one against the many was not shown, the defendant was merely guilty of violating the gaming statute and was not the keeper and exhibitor of a gaming table or bank.

Appeal from the County Court of Nueces.   Tried below before Hon. W. B. Hopkins.

Appeal from a conviction of keeping and exhibiting a gaming table or bank; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

*J. C. Scott,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, Judge.—Appellant was convicted of keeping and exhibiting a gaming table and bank, and his punishment assessed at a fine of $25 and ten days in jail.

The facts show, in substance, that appellant owned the table upon which the game of craps was played; that he participated in the game, as the other players did, and in contemplation of law he was not the keeper and exhibitor of a gaming table or bank, but was merely guilty of violating the gaming statute.   The distinction between a gaming table or bank or an ordinary game of chance is laid down in Webb v. State, 17 Texas Crim. App., 205; Bell v. State, 32 Texas Crim. Rep., 187; Lyle v. State, 30 Texas Crim. App., 118; Chappell v. State, 27 Texas Crim. App., 310; Hairston v. State, 34 Texas Crim. Rep., 346; and the recent decisions of Cummings v. State, 72 S. W. Rep., 395; Campbell v. State, 72 S. W. Rep., 396.   See also Clements v. State, decided at the present term of the court.   We there held, that, in order to make an accused guilty of keeping a gaming table or bank, there must be the principle of one against the many, as laid down in the Stearnes case, 21 Texas, commented on in the cases cited.   Here we

do not find any fact to justify such a conclusion. It is true that appellant owned the table, and was playing there in conjunction with the others, but the witnesses all swear it was not a gaming table or bank, but that it was a game that could be played on the floor or any other smooth surface. Appellant seems merely to have furnished the table. This would not per se render him guilty of keeping a gaming table or bank.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*