### BELL GOVANCE V. THE STATE.

No. 11221.   Delivered February 15, 1928.

**1.—Transporting Intoxicating Liquor—Continuance—No Diligence Shown—Properly Refused.**

Where an application for a continuance is made, the burden is on appellant to make an affirmative showing of the diligence used by him to procure the presence of the witness. Where witnesses had been subpoenaed at a former term, but at the time of the trial, court had been in session for six weeks, and such witnesses had not appeared. No alias process, nor attachment for said witnesses was asked and the trial court was justified in refusing a continuance on account of lack of diligence on the part of the appellant. See De Shazo v. State, 284 S. W. 561, and other cases cited.

**2.—Same — Bill of Exception — In Question and Answer Form — Not Considered.**

Where a bill of exception is in question and answer form, and there is no certificate of the trial judge showing the necessity of such form, it has long been the rule in this court that such bill in question and answer form is not entitled to consideration. See Montez v. State, 276 S. W. 709, and other cases cited.

**3.—Same—Evidence—Confession of Third Party—Hearsay Inadmissible.**

Where appellant on cross-examination admitted that he was then under indictment for manufacturing intoxicating liquor, there was no error in refusing to admit in evidence, a confession of two other parties that they and not appellant were guilty of this offense for which he was then indicted. Such confession was hearsay and properly excluded.

**4.—Same—Promise of Immunity—Not Established.**

Where for the first time in his motion for a new trial, appellant contended that the District Attorney had promised him immunity. The District Attorney denied under oath that such promise was made, and the court heard evidence on the issue. The determination of the issue by the court cannot be disturbed, and moreover it was incumbent on appellant to raise the question before the verdict, and his failure to do so, under the facts in this case constituted a waiver.

**5.—Same—Confession of Dependant—Its Admission—Harmless Error.**

Where appellant complained of the admission of his written confession, because not legally sufficient, and it appears that he took the witness stand, and testified to all the facts contained in said confession, he cannot claim to have been injured by the introduction of said confession, even if same

was improperly admitted.   See Parker v. State, 238 S. W. 943, and Scharff v. State, 271 S. W. 83.

Appeal from the District Court of Hunt County.   Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Morgan* and *Morgan* of Greenville, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year.

Appellant admitted that he transported the liquor in question, but contended that it was transported for medicinal use by him and certain members of his family.   Several witnesses supported his testimony to the effect that tuberculosis was hereditary in his family, and that several members thereof had died from the disease.   The state's testimony showed, and it was admitted by appellant, that he first carried the whiskey to the house of a neighbor and gave him a drink, telling him that he had made the whiskey and that it was for sale.   The state's testimony further showed that at the time appellant visited his neighbor's home, he, appellant, appeared to be intoxicated.   Appellant said to his neighbor: "Henry, you old s— of a b—, if you want to find out who can make good whiskey, Bell Govance can."

Bill of exception No. 1 presents the following occurrence: When appellant's case was called for trial on April 22, 1927, he stated that he was not ready due to the fact that he was not expecting to be compelled to go to trial and that his witnesses, though legally subpoenaed, were not in attendance upon the court.   He further stated to the court that he had not employed an attorney.   The court told him that he would have to go to trial.   At this stage an attorney appeared in behalf of appellant and announced to the court that appellant was not ready for trial and asked thirty minutes in which to prepare a motion for a continuance, which was refused by the court.   The court, however, stated that appellant could later prepare his application and date it back in order that it might be shown that it had been filed in time.   Appellant excepted to such action on the part of the court and was forced to proceed with the trial.   The

application for a continuance was filed after the jury had returned its verdict. The absence of several witnesses by whom appellant expected to show that whiskey was required by him and his family for medicinal purposes was made the basis of the application, it being alleged that on November 5, 1926, appellant caused to be issued a subpoena for said witnesses which was placed in the hands of the sheriff on the same day and returned on the same day showing that said witnesses had been served. It was further stated in said application that at the term of court at which said process was made returnable the witnesses were in attendance upon the court. When the motion was presented to the court appellant was denied a bill showing that same had been overruled. The qualification appended to the bill shows that when the case was called for trial on April 22, appellant announced that he was ready for trial but did not have a lawyer; that the court proceeded with the trial and that while the District Attorney was questioning the jury, an attorney appeared in behalf of appellant and stated that he desired to prepare and file an application for a continuance; that the court advised him that he could prepare his application at the noon hour; that is would be considered filed at the proper time; that appellant's counsel failed to prepare the application at the noon hour and proceeded at that time to examine three or four witnesses for appellant; that the application for a continuance was not presented to the court until the following day and after the jury had returned a verdict in the case; that the court refused to permit the clerk to place a date on the application that would show that it had been filed at the proper time for the reason that the court was of the opinion that it was not shown that any diligence whatever had been used by appellant in securing the attendance of the witnesses; that the witnesses were under process of the court at its last term, and that, although the court had been in session for six weeks during the present term said witnesses had not been in attendance during any part of said term; that neither appellant nor his counsel had requested that an attachment be issued for any of his witnesses; that appellant had been out on bond since the last term of court; that the court refused to give appellant the time requested for the preparation of the application for the reason that the court knew the application would be overruled because of lack of diligence on the part of appellant.

Considering appellant's application for a continuance in the light of the court's qualification, there appears to have been an entire lack of diligence on the part of appellant. The burden

was on appellant to make an affirmative showing of the diligence used by him to procure the presence of the witnesses. They were not present at any time during the term of the court at which he was tried. At the time of the trial the court had been in session for six weeks. He issued no alias process for the witnesses nor did he avail himself of the right to an attachment for them. This court has frequently held under similar facts that the trial court was justified in overruling the application for a continuance on account of lack of diligence on the part of the accused. De Shazo v. State, 284 S. W. 561; Henry v. State, 42 S. W. 559; Harvey v. State, 34 S. W. 623. There being no showing of diligence on the part of appellant to procure the presence of the witnesses, the court would not have erred in overruling his application for a continuance.

Bill of exception No. 2 is in question and answer form. No certificate of the trial court showing the necessity for such form appears. It has long been the rule in this court that bills of exception in question and answer form are not entitled to consideration. Montez v. State, 276 S. W. 709; Robbins v. State, 272 S. W. 175; Romez v. State, 245 S. W. 914; Jetty v. State, 235 S. W. 589; Rylee v. State, 236 S. W. 744; Huey v. State, 235 S. W. 887. Where a bill of exception appears in question and answer form, in order to receive consideration the certificate of the trial judge must show the necessity for such form. Lee v. State, 274 S. W. 582.

Bill of exception No. 3 shows that appellant testified on cross-examination that he was then under indictment for manufacturing intoxicating liquor, but that he was not guilty of the charge; that appellant then offered in evidence a statement or confession of one Acie Kendrick for the purpose of showing that said Kendrick and one Henry Johnson were guilty of manufacturing whiskey and that appellant was not guilty of the charge of manufacturing whiskey. Said confession was hearsay and, therefore, inadmissible.

Appellant for the first time in his motion for a new trial contended that the District Attorney had promised him immunity. The court heard evidence on the question. The District Attorney denied under oath that any such promise had been made. We are of the opinion that it was incumbent on appellant to raise the question before the verdict of the jury and that his failure to do so constituted, under the facts of this case, a waiver. Moreover, the court was justified under the evidence heard on the question in reaching the conclusion that no promise of immunity had been made.

Appellant also questions the legal sufficiency of his written confession. It is to be observed that appellant took the witness stand and testified to all the facts contained in said confession. Having testified to the same facts contained in the confession, appellant cannot now claim to have been injured by the introduction of said confession in evidence, even if same was improperly admitted. Parker v. State, 238 S. W. 943; Scharff v. State, 271 S. W. 83.

Finding no error, the judgment is affirmed.          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.