JULIO GARCIA v. THE STATE.

No. 14214.   Delivered May 20, 1931.

The opinion states the case.

*Albert Stein,* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for five years.

At 3 a. m. appellant entered the private residence of Mr. Edge, by opening a back door. Hearing a commotion in the dining room, Mr. Edge, who had just answered a telephone call, upon making an investigation, saw appellant going down the back steps. He pursued appellant for about two and one-half blocks and finally caught him. Appellant spoke to him in Spanish, telling him that he was drunk. Mr. Edge delivered appellant into the custody of the officers. Upon making an investigation of the room in which appellant had been, the injured party found that his wife's trunk had been opened. Before appellant entered the house the trunk was closed.

Appellant testified that he was very drunk when he entered Mr. Edge's house and that he believed at the time he was entering his own home. He said that he had been at the home of friends drinking beer and was on his way home when he entered the residence of the injured party. He testified further that when he got into the house and found a

light burning he discovered his mistake and immediately left. Witnesses for appellant testified that he was drunk at the time he left his friend's house.

In rebuttal the state offered proof to the effect that the residence of the injured party did not in any way resemble the cottage in which appellant lived. There were several streets between the Mexican quarters, where appellant lived, and the place where Mr. Edge lived. Mr. Edge testified that there was no light in the room when appellant entered. Both the injured party and the officer into whose custody appellant was delivered testified that appellant was not drunk, 'the officer saying that appellant "lacked a long ways of being drunk".

We are unable to reach the conclusion that the evidence is insufficient to support the conviction.

No bills of exception are brought forward.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.