AVIA MAE HENDERSON v. THE STATE.

No. 14481.  Delivered June 3, 1931.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, murder; penalty, twenty years in the penitentiary.

It is sufficient to say that the state's testimony showed a deliberate plan and formed design on the part of the appellant to kill her former husband without justification under the law.

The appellant's testimony, as well as her defense, is to the effect that the appellant and deceased were husband and wife and lived together as such after their marriage until about two months prior to the homicide; that the deceased secured a divorce from appellant and a settlement was made between them of the property rights.  Appellant contended that the settlement had not been fair and that she had not been fairly treated in the settlement; that she had certain articles of personal property that deceased refused to deliver to her; that for some time prior to the separation the appellant had been guilty of outrageous conduct towards her, assaulting and beating her, as well as her children; that about two days.

before the killing on November 18, 1930, she received information that her former husband, the deceased, had married another woman and that this enraged her and brought to her mind the previous conduct and out-- rages that the deceased had been guilty of, as well as the unfair settle- ment of the property and the deceased's refusal to deliver to her certain separate property. She testified that she brooded over this matter and this, brought on a period which in conjunction with her aroused and inflammed condition of mind, caused her to go without food or sleep for about two days and that she was in a state of temporary insanity at the time of the actual killing.

The facts upon which the insanity was predicated and the existence of the mental derangement were controverted and the jury found against the appellant upon that issue.

Bill of Exception No. 2 complains of the refusal of the court to give a special instruction requested by appellant. Said special instruction as presented sought to assemble some of the facts that the appellant had testified to and to instruct the jury that if they believed that said conduct on the part of the deceased or such physical condition of appellant was reasonably calculated to produce in a person of ordinary temper such a degree of anger, rage, resentment or terror as to render the mind incap- able of cool reflection, then if they should find the appellant guilty, they would assess her punishment at confinement in the penitentiary for not less than two nor more than five years. The court charged on malice aforethought and we find no exception to the definition as given by the court. Following such definition of malice aforethought, the court in his main charge charged the jury as follows: "In any murder case the pun- ishment cannot be greater than by confinement in the State Penitentiary for more than a period of five years, unless, from all the facts and cir- cumstances in evidence the jury believes, beyond a reasonable doubt, that the defendant is guilty of murder, and that, in killing the deceased, the defendant was prompted by and acted with malice aforethought, and in determining whether or not a defendant accused of murder acted upon malice aforethought, it is the duty of the jury, in passing upon that issue, to take into consideration all of the facts and circumstances in evidence, the condition of the mind of the defendant at the time of the killing, if any, all relevant facts and circumstances surrounding the killing, the pre- vious relationship existing between the accused and the deceased, together with all relevant facts and circumstances in evidence going to show the condition of the mind of the accused at the time of the homicide, all of which may be considered by the Jury in determining the punishment, if any, that may be assessed."

The court further instructed the jury in substance that if they had a reasonable doubt from all the facts and circumstances in evidence that appellant acted with malice aforethought, they could not assess her pun--

ishment at a longer period than five years. We are of the opinion that this was sufficient application in the charge of the term "malice afore-thought" to the facts in this case. See Crutchfield v. State, 110 Texas Crim. Rep., 420, 10 S. W. (2d) 119; Mercer v. State, 111 Texas Crim. Rep., 657, 13 S. W. (2d) 689.

By bill of exception appellant complains of the admission in evidence of the written confession of the appellant and by bill of exception No. 3 of the failure of the court to submit to the jury the issue as to whether said confession was freely and voluntarily made, the appellant claiming that a sufficient issue is shown by the evidence as to require the court to submit this matter to the jury.

The confession on its face shows that it complied fully and com-pletely with article 727, C. C. P., relative to the admissibility of a writ-ten confession by an accused while under arrest. The confession offered in evidence is lengthy and the testimony pertaining to the circumstances under which it was obtained is set out in full in question and answer form with a certificate from the trial judge showing the necessity for it being set out in said question and answer form.

We do not deem it necessary to enter into a discussion as to whether or not said confession was properly admitted in evidence or as to whether sufficient facts were shown as to whether or not said confession was freely and voluntarily made so that it would become a fact question to be submitted to the jury under proper instruction, because in this case the appellant took the witness stand and testified substantially to the same facts contained in said confession, and it has become, under the decisions of this court, the established law that where the accused voluntarily takes the witness stand on his trial and affirms under oath the truth of the matter contained in his confession, he cannot then complain to have been injured by the introduction of said confession in evidence, even if the same was improperly admitted, and the question of whether such confes-sion was freely and voluntarily made under such circumstances is no longer material and the issue is not necessary to be submitted to the jury. Parker v. State, 91 Texas Crim. Rep., 68, 238 S. W., 943; Scharff and Daniel v. State, 99 Texas Crim. Rep., 605, 271 S. W., 83; Govance v. State, 109 Texas Crim. Rep., 47, 2 S. W. (2d) 853.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been exam-ined by the Judges of the Court of Criminal Appeals and approved by the Court.