### C. MATURA v. THE STATE.

No. 18695.    Delivered March 10, 1937.

The opinion states the case.

*W. P. Ratliff* and *W. H. Murchison, Jr.,* both of Haskell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

The trial was had in Stonewall County on a change of venue from Haskell County.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Rebecca Coursey by beating her with a hame.

Appellant pleaded guilty. On the trial he took the witness stand and testified that Clarence Abston induced him to kill deceased by offering him some beer if he would commit the crime. He proceeded to the home of deceased and when she appeared in the door he entered and struck her several times with a hame. Appellant testified further that he was drunk at the time he attacked deceased.

The State introduced in evidence three confessions by appellant in which he stated substantially the same facts that he testified to on the trial. The proof on the part of the State was to the further effect that deceased was approximately 76 years of age and weighed less than 100 pounds. She lived alone, and she and appellant were the only persons in the house on the occasion of the homicide.

In several bills of exception appellant brings forward his

objections to the introduction in evidence of his written confessions. We perceive nothing in the record that in any manner indicates that the confessions were involuntary. At all events, appellant testified to substantially the same facts contained in his confessions. Hence he can not now claim to have been injured by their introduction in evidence. Govance v. State, 2 S. W. (2d) 853.

It appears from bill of exception No. 4 that Frank Matura, a witness for appellant, was asked on his direct-examination by appellant's counsel if he had given the same testimony in the trial of Clarence Abston. The State's objection to the testimony was sustained. In this there was no error. The bill fails to show any conditions which would have warranted appellant in proving that the witness had given similar testimony on a prior occasion.

Bill of exception No. 5 is without merit. The State was warranted in introducing in evidence the weapon with which appellant killed deceased.

It appears from bill of exception No. 6 that the district attorney asked appellant on cross-examination if he had been convicted of an offense of the grade of felony within the last ten years. Appellant answered that he had been convicted for murder. Again, he answered that he had been convicted for attempted arson. It appears to be appellant's contention that the bill shows that the conviction for murder was too remote, in that it occurred more than ten years prior to the trial. We find nothing in the bill of exception supporting this conclusion. At all events, the district attorney confined his question to a period of ten years. If the conviction for murder was more than ten years prior to the commission of the present offense, appellant's answer was not responsive. He made no request that the jury be instructed to disregard his answer.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.