# MAY 27, 1942

NICK ANGELO V. THE STATE.

No. 22094. Delivered April 29, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of keeping and exhibiting a gaming device, to-wit, a marble machine, for the purpose of gaming. The punishment assessed is confinement in the State penitentiary for a term of two years.

The main question presented for review is the sufficiency of the evidence to justify and sustain the conviction.

The evidence adduced by the State, briefly stated, shows that on May 9, 1941, a policeman of the City of Houston went to the Hong Kow Cafe, owned and operated by W. S. Thine, and noticed a marble machine therein; that he played the machine by putting a nickel in the slot and it released the ball; that he put eleven nickles in the machine and by operating it he won two free games. The officer described the machine in detail and told how it was operated. Later during the afternoon, another policeman went to the cafe for the purpose of confiscating the marble machine. Mr. Thine, the proprietor of the cafe, disclaimed any interest in the machine but informed the officer that it belonged to Nick Angelo. Thine then called the Big State Amusement Company over the telephone and soon thereafter the appellant appeared at the cafe and asked the officer what was taking place. When informed that he had come to pick up the machine and confiscate it, appellant said, "I had better tag it, hadn't I?" Appellant then told the officer that he had placed the machine in the cafe; that if he (the officer) was going to pick up the machines he would like to get them out of the way. The machine in question had a sign on it,—"Big State Amusement Company."

Appellant took the witness stand and denied that he owned the machine or that he kept or exhibited it for the purpose of gaming. He testified, however, that the machine belonged to the Big State Amusement Company; that he and Morris Pinto paid the rent on the place in which the company did business; that the machine in question belonged to some boys who worked out of the Big State Amusement Company; that his company was the Big State Amusement Company, but he was not the sole owner thereof; that his part of it was the refrigeration and wood-row mat business.

Appellant's wife testified for the defendant and denied that the machine belonged to him. However, on cross-examination, she testified that Morris Pinto, Bob Patterson and Johnny West were in business with her husband and quite a few others; that Pinto had the refrigeration and she thought he had the marble machines; that Patterson and West also had marble machines; that her husband split the profits in the marble machine business with Pinto. From her testimony we quote:

"When I stated that I thought he split the profits and losses in that business, I was talking about the refrigeration. If I said in the marble machines business, I am sorry."

It will be noted from the foregoing brief summary of the material facts proven upon the trial that a highly controverted issue was raised as to whether or not appellant owned and exhibited the gaming device for the purpose of gaming, and this issue was fairly and adequately submitted by the court in his charge to the jury who decided it adversely to appellant; and we would not be justified in holding that there is not any evidence upon which the jury could base a verdict. Appellant cites us to the cases of Lewis v. State, 124 S. W. (2d) 121; Jones v. State, 125 S. W. (2d) 566; Coleman v. State, 87 S. W. 152, and a few others as sustaining his contention. We have examined all of the cases mentioned and find that they are readily distinguishable by the facts from the instant case.

All other complaints brought forward by appellant have been considered by us and are deemed to be without merit. They are, therefore, overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion relative to the facts, and contends that same do not show that he owned or had any interest in the marble machine that was left in the Hong Kow Cafe and is the basis of this prosecution.

It is noted that upon appellant's appearance at the cafe, when the officers were preparing to confiscate this machine, he approached one of the police officers, who testified:

"He (appellant) did not tell me who the machine belonged to. He told me he had put the machine in there. He told me that he, this defendant, had put the machine in that place of business."

Again, the same officer said that prior to the time appellant appeared at the cafe, at the call of the proprietor of the cafe, the officer had talked over the phone to appellant, who soon

afterwards came into the cafe and said: "I am Nick Angelo, the man you talked to on the telephone a few minutes ago," and the officer further testified:

"In the telephone conversation he said he heard they were picking up the marble machines, and he wanted to know why, and I told him I did not know, and he said, 'I would like to find out.' He said, 'If you are going to pick up the machines I would like to get them out of the way.' Yes sir, 'If you are picking up the machines I want to get my machines out of the way.' I said, 'I don't know why they are picking them up.' He said, 'Can I come down and talk to you,' I said, 'Yes, you can.' So about fifteen minutes later is when Mr. Angelo walked in and introduced himself to me."

We think there was ample testimony upon which the jury could predicate its verdict of guilt herein, and the motion will be overruled.