HENRY WOMBLE and HOWARD YOUNG V. STATE

No. 28,949. April 10, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 29, 1957.

*Dawson and Hatten* and *King C. Haynie* (of Counsel on Appeal only), Houston, for appellant.

*Dan Walton*, District Attorney, *Lee P. Ward, Jr.* and *Joe S. Moss*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is offering a bribe; the punishment as to each appellant was assessed at five years.

The appellant Womble was in the coin machine business, and his friend the appellant Young was a tavern owner. Womble and one Jackson were arrested because a marble machine which bore a tax stamp in Womble's name was detected by officer Kennedy paying off a winner.

Young approached officer Brannon in an effort to get him to intercede with Kennedy in Womble's behalf. Kennedy and Brannon reported such "approach" to their superior officers and were instructed to meet Womble as Young had requested. The meeting took place, and $500 was paid to the officers. Young contributed $150 in cash, and Womble a check in the sum of $350. Immediately after the meeting, Young delivered to the officers a list of "locations" in Womble's handwriting where Womble had marble machines and which the officers were supposed to ignore during the course of their official duties.

The officers reported their conversation with the appellants. to their superior officers and turned over to them the cash and check, which were introduced in evidence. One of the officers reported the matter to the grand jury which was then in session.

Womble alone testified, and his version of the conversation with the officers was that they were to explain to the grand jury that the marble machine which had been confiscated belonged to Jackson and not to him. He stated that the money was given to the officers as a contribution to the police charity or burial fund and had nothing to do with his future operation of marble machines. He denied that any of his marble machines were illegal machines or were used for gaming. Both Womble and Jackson testified that the machine in question belonged to

Jackson, but the ownership of the machine is not here controlling.

The jury rejected Womble's testimony and accepted that of the officers. We shall discuss the contentions advanced in appellants' brief.

Appellants first contend that there is a fatal variance between the allegation in the indictment which alleged that the purpose of the bribe was to induce the policemen to neglect to enforce the law against the appellant for keeping and maintaining "gaming tables for the purpose of gaming" and the proof which showed that the appellant was operating a "Ranch Bowler," a marble machine or "device" used for the purpose of gaming.

Appellants contend that there is a "marked distinction" between a "gaming table" and a "gaming device" and rely upon Martin v. State, 144 Texas Cr. Rep. 313, 162 S.W. 2d 722, and Conklin v. State, 144 Texas Cr. Rep. 343, 162 S.W. 2d 973. In Martin, we approved an indictment drawn under Article 619. V.A.P.C., which alleged that the accused did "unlawfully keep and exhibit for purpose of gaming, a gaming device, to wit a marble machine."

In Conklin, this court held indefinite an indictment drawn under Article 619, supra, which charged that the accused did "unlawfully keep and exhibit a device for the purpose of gaming." Neither case is controlling here.

The indictment further alleged that "knowing that the same Womble had committed and would continue to commit offenses against the gaming laws of the State," which itself answers appellants' contention, but we do observe that the appellants were not here charged with a violation of Article 619, supra, but were charged with the offense of offering a bribe to a policeman, the purpose of which was to procure him to allow them to violate Article 619, supra. In such a case, the crime which Womble "would continue to commit" need not be described with the same particularity as if the charge were for the crime itself.

Appellants next complain of the refusal of the court to require the state to elect upon which count in the indictment they would proceed before any evidence was introduced. The court in his charge submitted the case to the jury under the first count of the indictment only and instructed them not to consider the

second or third count. In Branch's Annotated Penal Code, Second Edition, Vol. 1, sec. 463, p. 459, we find the following: "If the charge of the Court submits to the jury only one count or transaction it is tantamount to an election by the State to rely upon the count or transaction submitted by the Court."

Appellants' third complaint grows out of the admission in evidence of the testimony of the policeman concerning his conversation with the appellant Young after they left the company of the appellant Womble.

Reliance is had upon McKenzie v. State, 44 S.W. 166, which held that the "declarations of a co-conspirator must be in furtherance of the common design, and not a mere relation of what had taken place." In McKenzie, the theft was complete at the time the statements were made by the co-conspirator, and they were therefore not made in the furtherance of the conspiracy to steal, while in the case at bar the parties were in transit from Womble's place of business, where the money was paid, to Young's place of business, where the list of locations which the officer was supposed to overlook was turned over to him. Surely, the purpose of the bribery had not been accomplished until the list was placed in the hands of the officer, and anything said by any conspirator up until that time, at least, was admissible.

Appellants' fourth complaint relates to the cross-examination of the appellants' witness Jackson, where a written statement which he had made was exhibited to him and introduced in evidence.

Appellants rely upon those authorities which hold that where a witness admits that he had made contradictory statements, then proof from some other source concerning the same statements is not admissible. The case at bar may be distinguished from those cases by the fact that the appellant, in his direct examination of the witness, elicited the fact that the police had taken a statement from him. The appellant having gone into the fact that he had made a statement to the police, the state was then authorized to show what the statement contained and show, as they did, that it contained statements contradictory to his testimony in chief.

If there was any error in the admission of the statement, it was cured when Womble testified to the same facts contained in the statement. The court in his charge told the jury that the

statement could be considered by the jury only as affecting the credibility of the witness Jackson and not as to the guilt of the accused.

Appellants' fifth complaint relates to the court's charge wherein he submitted the defense that the money given to the policemen was a donation to the police charity or burial fund. Their complaint is that the charge required the jury to believe that both defendants so intended the money to be used and claim that they were entitled to have such defense submitted separately as to each of them.

Reliance is had upon Jones v. State, 136 Texas Cr. Rep. 337, 125 S.W. 2d 566, wherein this court held erroneous a charge which made the guilt of both or the acquittal of both depend upon the other. We quote from the opinion in that case:

"In other words, throughout the whole charge in order for one to be convicted, they must convict them both, or for one to be acquitted, the jury must acquit them both."

Quite another situation is here presented. The appellant Womble alone testified, and by his testimony only was the defense here submitted; i.e., that he and Young had given the officers $500 and that he had told the officers in Young's presence that the money was a donation to the police charity or burial fund. Under such a state of facts, we are at a loss to determine how Young could have been injured by the charge as given.

The charge as given was practically identical to the charge approved by this court in Ragsdale v. State, 61 Texas Cr. Rep. 145, 134 S.W. 234.

Appellants' sixth complaint relates to the court's charge in which he told the jury that they might consider the testimony of the policemen's superior officers concerning certain progress reports made to them by the policemen during the course of their investigation of the case against the appellants solely on the question of whether or not the officers were accomplices. Appellants' complaint that the charge did not cover the testimony of the policemen themselves concerning the same reports impresses us as hypercritical. The jury clearly learned from the charge what evidence the court referred to since the evidence coming from all parties as to these reports was identical.

Appellants' last complaint relates to paragraph seven of the

court's charge. In that paragraph, the court gave the jury the law relating to gaming in the terms of Article 619.

Reliance is had again on Jones v. State, supra. In that case, the court charged the jury on the law as contained in both Articles 619 and 625, V.A.P.C., and commingled the same, whereas the indictment charged only an offense under Article 625, supra. The Jones case is not therefore here controlling.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.