JOHNNY VAUGHNS V. STATE

No. 34,596.   May 16, 1962
Motion for Rehearing Overruled June 20, 1962

*James S. McGrath,* Beaumont, for appellant.

*James A. Morris,* District Attorney, *Roy Wingate,* Assistant District Attorney, Orange, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is felony theft; the punishment, two years.

Texas Highway Patrolman Hickman testified that, while on routine patrol at about 6:05 A.M. on the date in question, he observed appellant in front of Haley's junk yard loading a tire and wheel into his car; that he stopped and questioned him; that appellant claimed he was employed at the junk yard and the tire and wheel belonged to him; that further investigation revealed that appellant had in his possession one Cadillac tire and wheel,

two Chevrolet tires and wheels, and certain generators and starters, and upon checking appellant's story with the owner of the junk yard, he determined that appellant was not an employee of the yard.

He further testified that at the time he observed appellant there were no other people in view and that he was unable to find any person on the scene or about the scene other than appellant.

Roy Laughlin, deputy sheriff of Orange County, testified that he was called to the junk yard at about 6:30 A.M. on the date in question, that he saw appellant there with officer Hickman, that there was no one working at the junk yard and no one else in the immediate area at that time of the morning, and that he took possession of the tires, wheels, generators and starters.

Both officer Hickman and officer Laughlin testified that, as a result of appellant's later story that he had bought the merchandise in question from an employee of the junk yard just before officer Hickman arrived at the scene, they investigated all the employees of the junk yard but could not find anyone fitting the description given to them by appellant.

Charles Haley, the owner and operator of the junk yard, testified that the tires, wheels, generators and starters in question belonged to him and that they had a value of $160.00.

Appellant, testifying in his own behalf, stated that on a previous occasion he had stopped at Haley's junk yard to see about a carburetor, that a person named "Skeeter" sold him a radiator, that on the date of the alleged offense he was passing the junk yard and Skeeter beckoned for him to stop, that Skeeter had the tires, wheels, starters and generators and asked appellant if he could get rid of them, that Skeeter wanted $50.00 for the merchandise but appellant offered him $30.00 and they struck a bargain and Skeeter left, and that officer Hickman arrived on the scene as he was loading the merchandise he had bought from Skeeter. He further testified that he told officers Hickman and Laughlin about buying the merchandise from the person called Skeeter and that he had voluntarily made a written statement concerning this transaction.

At the close of appellant's testimony, the State introduced into evidence the written statement he had made concerning the purchase of the merchandise.

Appellant contends on appeal that the trial court erred in admitting his written statement into evidence over his objection because he was not warned by the officers in accordance with Article 727, V.A.C.C.P., before making the statement.

Appellant took the witness stand and testified substantially to the same facts contained in the statement, and he cannot now claim to have been injured by the introduction of the statement in evidence. Womble v. State, 165 Texas Cr. Rep. 23, 301 S.W. 2d 928; White v. State, 150 Texas Cr. Rep. 546, 203 S.W. 2d 222; Henderson v. State, 118 Texas Cr. Rep. 436, 39 S.W. 2d 900; Govance v. State, 109 Texas Cr. Rep. 47, 2 S.W. 2d 853.

Appellant also contends that the evidence is insufficient to sustain the conviction because the State failed to disprove his exculpatory statement which was introduced into evidence by the State. While it is true that when the State introduces a confession containing exculpatory statements it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are to be regarded as true unless disproved, this is not the rule where the accused testifies before the jury in accordance with such exculpatory statements, and his defensive theory is fairly submitted to the jury. Madden v. State, 171 Texas Cr. Rep. 80, 344 S.W. 2d 690, and Treadway v. State, 150 Texas Cr. Rep. 271, 200 S.W. 2d 199.

In the case at bar, appellant testified substantially in accordance with his exculpatory statement and made no objections or requests regarding the court's charge.

Finding no reversible error, the judgment is affirmed.