**Joe RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37173.**

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Mario G. Obledo, San Antonio, for appellant.

James E. Barlow, Dist. Atty., John G. Benavides, Raymond A. Wietzel and Earl C. Hill, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, twelve years.

The state's evidence shows that the prosecuting witnesses, Joe and Anita Guillen, operated the Gaslite Lounge, located at 2518 Culebra Street in the city of San Antonio.

Mrs. Guillen testified that on the night in question she closed the place around midnight and before leaving she locked all doors, checked all windows, and was sure that no windows were broken. She stated that after she left the place, the appellant, who had been inside drinking beer, accompanied her and some friends to a restaurant,

where they ate a meal. After finishing their meal, they left in the witnesses' automobile and appellant got out of the car at the corner of Culebra and San Manuel.

Officer Cruz de la Rosa, Jr., testified that between 1:30 and 2:00 a. m., on the same night, while driving by the Gaslite Lounge, he observed a front plate glass window broken in the building. He got out of his car and as he walked toward the window he heard noises and observed the appellant inside the building, crouched down by a door which he was trying to open. As he started inside the building the appellant opened the door, ran out, and was caught by the witness and other officers when he fell to the ground after being pursued for some two hundred feet.

It was also shown that when appellant was picked up by the officers a screwdriver was lying on the ground under him and that there were pry marks on a machine inside the building.

It was also shown that appellant did not have the permission of the owners of the premises to break and enter the building on the night in question.

Proof of appellant's prior conviction for burglary, alleged for enhancement, was made by the introduction in evidence of certain authenticated prison records and comparison of fingerprints in the manner which has been approved by this court.

Testifying as a witness in his own behalf, appellant admitted being in the lounge on the night in question but denied breaking and entering the building. Appellant stated that the window was broken and a door was open when he arrived at the scene and that he went inside to call the police. Appellant also admitted having been convicted, in 1961, of the offense of burglary, alleged in the indictment for enhancement, and also admitted that he had been convicted of shoplifting in the year 1963.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of circumstantial evidence.

Appellant predicates his appeal upon three formal bills of exception.

By bill of exception #1, appellant complains that the court erred in overruling his motion to quash the jury panel because he was brought before the panel in a hallway outside the courtroom at a noon recess and exhibited to them while handcuffed.

The bill, as qualified, certifies that there was no other way to bring the appellant into the courtroom than through the hall where the jury panel was being held pending disposition of other criminal business in the courtroom and that the regulations of the sheriff required, for the protection of the public as well as the accused, that he be handcuffed until he was brought into the courtroom. The bill does not certify to any evidence adduced upon the hearing of the motion and there is no showing of any injury or prejudice to appellant. We perceive no reversible error in the bill. Burks v. State, 50 Tex.Cr.R. 47, 94 S.W. 1040; Mouton v. State, 155 Tex.Cr.R. 450, 235 S.W.2d 645.

Bill of exception #2 presents appellant's complaint to the court's action in admitting in evidence the prison records (state's exhibit #2) showing his prior conviction, alleged for enhancement, on the ground that the same were not properly authenticated. Appellant is in no position to complain of the admission of such exhibit in evidence, in view of his judicial admission in open court that he had been previously convicted as alleged. Womble v. State, 165 Tex.Cr.R. 23, 301 S.W.2d 928; Sowers v. State, 157 Tex.C.R. 345, 248 S.W.2d 949.

Appellant's remaining bill of exception, #3, is to the court's action in overruling his motion for an instructed verdict of not guilty, made at the conclusion of the state's case in chief, on the ground that the state's case was based on circumstantial evidence which was insufficient, as a matter of law, to prove his guilt beyond a reasonable doubt. We find no error in the bill, as the evidence adduced by the state was suffi-

cient to warrant the jury in finding that appellant did, by force, break and enter the building without the consent of the owners and with the intent to steal, as alleged in the indictment. See: Garcia v. State, 118 Tex. Cr.R. 70, 39 S.W.2d 47; Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524; Sewell v. State, Tex.Cr.App., 367 S.W.2d 349.

The judgment is affirmed.

Opinion approved by the Court.