**Frank James DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38157.**

Court of Criminal Appeals of Texas.

April 14, 1965.

Clyde Vinson, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of assault with intent to murder without malice and his punishment was assessed at confinement in the penitentiary for one year.

The state's proof was undisputed that on the night in question the appellant shot the injured party, Coley Hudson, with a .38 calibre pistol, the bullet penetrating the scalp on the left side of the head. The shooting occurred around midnight, when the injured party, an airman stationed at Goodfellow Air Force Base, was seated in the back seat of an automobile parked in front of Perkins' Cafe in the city of San Angelo.

At the trial, the injured party did not testify, and the state's version of the shooting was given by the witness Claud Leon Thomas, Jr., also an airman, who was seated in the front seat of the automobile at the time of the shooting.

Thomas testified that on the night in question, while he and the injured party were seated in the automobile parked in front of the Perkins' Cafe, the appellant came up and started talking to them. After the witness stopped talking, appellant and the injured party, both of whom were friendly with one another, continued talking and joking. As they continued to talk and laugh, the appellant produced the gun and started waving it around and joking with the injured party. When the injured party asked if it was loaded, appellant stepped back, opened the cylinder, and said that it was. The injured party said, " 'Well, if you unload the gun I'll get out and kick your so and so,' " and started laughing. Appellant then reached in his pocket, "made a motion to the cylinder," walked back, said a few words, and the gun "went off." The witness stated that after the gun fire he jumped out of the car, walked around to the curb, and appellant then pointed the gun at him and told him to stop "half-stepping."

It was shown that after the shot was fired, the injured party asked appellant why he shot him, and appellant made no reply.

The proof further shows that later in the night appellant was taken into custody at his home, around 3 a. m., and at that time he retrieved from under the floor of the house and delivered to the officers the .38 calibre pistol with which he had shot the injured party. One spent hull was in the cylinder of the pistol.

It was also shown that between thirty and forty minutes after his arrest appellant made and signed a written statement to the officers, portions of which were introduced in evidence by the state and one portion being introduced by appellant.

Before admitting the statement in evidence, a separate hearing was held by the court, in the absence of the jury, on the question of its admissibility. At such hearing, proof was offered by the state that before making the statement appellant was duly warned and that he freely and voluntarily made the statement. It was shown that appellant was not taken before a magistrate before signing the statement and that no attorney was present when he made the same. It was also shown that no request was made by appellant for an attorney.

At the conclusion of the hearing, the trial court made an independent finding, entered of record, that the statement was voluntarily made by appellant.

■ In admitting the confession in evidence over appellant's objection that he was not taken before a magistrate and had no attorney present when the statement was made, the court did not err. The failure to take appellant before a magistrate at 3 o'clock in the morning would not vitiate the confession. No request was made by appellant to see or call an attorney, which fact distinguishes this case from Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. See: Miller v. State, Tex.Cr.App., 387 S.W.2d 401, opinion delivered February 3, 1965.

In the portion of the statement introduced in evidence by the state, appellant related that on the night in question he had

been to Sarge's Place, where he had some words with an airman called "Pig," over a quarter; that he (appellant) asked Frank Drones to take him home so he could get his gun; that after they had gone to his home and he got the gun:

"'Then Frank Drones and I (Davis) went to Perkins' Cafe in the 1000 block of North Randolph. When I got to Perkins' Cafe_ Malt (Claud Thomas, Jr.) and another boy named James and another boy in the back (Coley Hudson) [sic].

"'One of the boys in the car (Plymouth station wagon) called me over to the car. I told them they were not going to do *nothing* to me. I (Davis) pulled a pistol from my pocket. I pointed the pistol (.38 revolver) in the air. I snapped it once. Then when the gun didn't fire they started to laugh at me. I pulled the gun up again and pulled the trigger again. The gun went off this time. I started to run.'"

Appellant introduced a portion of the statement, in which he stated:

"'I pulled the gun up again and pulled the trigger again. The gun went off this time. I didn't think the gun was loaded. I walked to the car and one of the boys was hit. I realized what had happened and I started to run.'"

Testifying as a witness in his own behalf, appellant explained his possession of the pistol when he arrived at the Perkins' Cafe on the night in question, by stating that he was bringing it to his uncle, who operated the place. Appellant testified that he took the pistol from his pocket while talking to the injured party, with whom he was friendly, but that he did not know it was loaded; that he snapped it twice and that it "went off" when he put it in his belt. Appellant denied any intention of firing the pistol.

The court, in submitting the issue of appellant's guilt to the jury, in his charge fully charged the jury on the law of accident and also instructed the jury on appellant's affirmative defense of no intention to shoot the injured party.

The jury by their verdict rejected appellant's version of the shooting, and we find the evidence sufficient to sustain the judgment of conviction.

We do not agree with appellant's contention that the evidence presented by the state showed that the shooting was accidental. While some of the testimony implied that the shooting was accidental, the evidence taken as a whole is sufficient to support a finding by the jury that appellant unlawfully and wilfully shot the injured party with the intent to kill, as charged in the indictment.

Nor do we agree with the contention that the evidence is insufficient to support the conviction, because the testimony elicited by the state from the witness Thomas that at the time and immediately before the shooting appellant and the injured party were laughing and joking was exculpatory and the state was bound thereby. The mere proof that just before the shooting the parties were laughing and joking would not, of itself, exculpate appellant of the crime. Furthermore, such testimony did not relate to statements of the appellant to which, if exculpatory, the state would be bound until disproved.

Complaint is made to the court's action in permitting the state to show that, some hour or hour and a half before the shooting, appellant had the argument or discussion over a quarter with the airman "Pig" at Sarge's cafe. The objection to the testimony was on the ground that it had no connection with the offense charged.

Appellant is in no position to complain of the admission of such evidence, as he testified to substantially the same thing, with-

out objection, on his cross-examination and the incident was also related by him in his confession introduced in evidence by the state. Womble v. State, 165 Tex.Cr.R. 23, 301 S.W.2d 928; Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133.

The judgment is affirmed.

Opinion approved by the Court.