**Pablo Cruz ARREGUIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43897.**

Court of Criminal Appeals of Texas.

March 3, 1971.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is exhibiting a firearm in resisting a lawful investigation by peace officers. See Art. 341(b) Vernon's Ann. P.C.; the punishment was assessed by the court at confinement in the Department of Corrections for two years.

An examination of the record shows that appellant was represented by counsel of his choice in the trial of this cause.

**730**

There is no showing of indigency, and the record reflects that appellant is on bond.

Although the record does not contain an approval of the record by the trial court, there is an order contained in the Supplemental Transcript before this court showing that the record was approved by the court on September 22, 1970.

■ No brief has been filed by appellant pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. We have examined the record to determine if there are unassigned errors which should be considered in the interest of justice under Section 13 of said Article. The record reflects that during the trial there was an objection to testimony about the conduct of appellant while under arrest and the introduction of the pistol recovered, the contention being that the arrest was illegal. However, appellant is in no position to complain since he testified and admitted that he possessed the pistol in question. Johnson v. State, Tex.Cr.App., 445 S.W.2d 211; Daniels v. State, Tex. Cr.App., 387 S.W.2d 886; Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133.

■ The only other issue under Art. 40.09, Sec. 13, supra, is whether the court erred in refusing to turn over to the appellant statements of the investigating officers. There was a hearing outside the presence of the jury and it appears that appellant did in fact have an opportunity to examine these statements. The statements are in the record and there is no substantial variation between their contents and the officers' testimony. We hold, however, that since this is an evidentiary question and is not of constitutional dimension, or "in the interest of justice," it will not be considered as unassigned error. Short v. State, Tex.Cr. App., 408 S.W.2d 928; Hill v. State, Tex. Cr.App., 403 S.W.2d 797.

There being no reversible error, the judgment is affirmed.