Orville DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48775.

Court of Criminal Appeals of Texas.

Sept. 24, 1974.

Rehearing Denied Oct. 16, 1974.

Vern F. Martin, Midland, Court Appointed, for appellant.

R. H. Moore, IV, Dist. Atty., Guilford L. Jones, Sp. Prosecutor, Big Spring, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, life. This case was transferred from Glasscock County to Midland County on a change of venue.

Ground of error one contends that the evidence is insufficient to corroborate the admitted accomplice witness. A Glasscock County rancher, Currie, was killed by a shotgun blast to the head at the door of his living room. The assailant wore a ski mask and could not be identified. The State's case is based on the testimony of the witness Judy Dunham, who participated in the preparation for the robbery (which culminated in the murder) and who placed the appellant at the scene. She was an accomplice witness, and the jury was so instructed.

Dunham testified that on an occasion prior to December 2 she had been present when Floyd Palmer, Witmer Jean Ballard, Tommy Tisdale, and appellant discussed the plans for robbing the deceased, who allegedly had $150,000.00 in gold coins in his home. On the night of the crime, she and Palmer drove to the Currie ranch in a pickup and the appellant, Ballard and Tisdale followed in a Cadillac. A stop was made near the ranch so that the men could change clothes, and several of them put on dark coveralls. Dunham later dropped the men off in front of the residence.

The State also relied upon the testimony of Melvis Sheppard, and we are met at the outset with the appellant's contention that he too was an accomplice, and therefore could not corroborate Dunham. A careful examination of his testimony is necessary. The homicide occurred on December 2. The principals were Ballard, Palmer, Tisdale and appellant. We quote in part from Sheppard's testimony concerning a conversation between Ballard, appellant and himself which occurred prior to December 2:

"Q Jean Ballard told you something about a rancher. Did he talk to you about he was going to hit the rancher or whatever they call it?

A He just made a statement that he knew, as I said a while ago, that he knew a rancher out here somewhere in this area that had a lot of money."

Sheppard testified further that on the day after the robbery-murder, appellant came to his house in Odessa and told him that those named above "went over" and "that they—that Jean blew this rancher's head off . . ." and that afterward everybody went their separate ways and that he (the appellant) walked away from the scene. On this occasion appellant asked to borrow Sheppard's automobile so that he might go back to the area of the homicide to see if he could find Ballard, because he did not know whether he was dead or not, and that he loaned his automobile upon appellant's promise to change the oil and fill the gas tank.

We construe the above to be appellant's confession to Sheppard.

This was the extent of Sheppard's participation in the crime. By no stretch of the imagination could it be said that this made Sheppard "answerable to the law as a principal, an accomplice or an accessory to the crime about which he is testifying." The rule is set forth in Silba v. State, 161 Tex.Cr.R. 135, 275 S.W.2d 108. The same rule is expressed in a similar manner in

Flores v. State, Tex.Cr.App., 491 S.W.2d 144, where we said:

"Appellant urges that Garza became an accomplice witness by virtue of having told one Ralph Robledo he didn't see who fired the shot and didn't want to testify.

"Garza was not connected to the offense in the instant case by unlawful act or omission on his part, transpiring before, at the time of, or after the commission of the offense. Clearly, a prosecution would not lie against him under the indictment by which the accused was charged. See Article 38.14, V.A.C.C.P.; Gausman v. State, Tex.Cr.App., 478 S. W.2d 458; DeVault v. State, Tex.Cr. App., 449 S.W.2d 235."

■ Grounds of error two and three contend that the court erred in refusing appellant's court appointed counsel's request for additional time to prepare for trial. The record reflects that on August 20, 1971, the trial court appointed the Honorable Vern F. Martin and the Honorable Bobby Bearden to represent the appellant and co-defendant Ballard. On September 20, the court granted a severance and appointed Martin to represent this appellant and Bearden to represent Ballard, and the case against this appellant went to trial.

Our recent opinion in Prince v. State, Tex.Cr.App., 500 S.W.2d 533, is not here controlling, because in that case Attorney Bruder had no time to prepare to defend Prince. Here Martin had one month in which to prepare to defend this appellant. See Hayles v. State, Tex.Cr.App., 507 S. W.2d 213, and Coleman v. State, Tex.Cr. App., 481 S.W.2d 872.

■ Ground of error four contends that the court erred in discharging court appointed assistant counsel for appellant. The record reflects that at the conclusion of the first day of trial the court appointed the Honorable Jimmy Oglesby to assist Martin in appellant's defense. Martin had requested the court to appoint counsel "to sit in with him" at the beginning of the

trial. The court expressed the view that Martin was thoroughly capable of defending appellant (a view which is supported by this record), but as an accommodation to Martin and contingent upon assurances that such appointment would not delay the trial the court consented to appoint Oglesby. However, when Oglesby the next day raised the question of not having 10 days to prepare for trial, the court relieved him from such appointment.

At the inception, we observe that we have held in Henry v. State, Tex.Cr.App., 433 S.W.2d 430, that "The trial judge was under no obligation to appoint more than one counsel . . ."

We hold here that where additional counsel was appointed upon an understanding with the court that such appointment would not be taken advantage of to interrupt the progress of the trial, such understanding should have been honored.[1] This is especially true since appellant has made no effort to show that he was hampered in any way in making his defense because Attorney Martin was not assisted by other counsel.

■ Ground of error five relates to that which followed after Attorney Oglesby was discharged. As the court observed after having spent two hours in debate with counsel over the matter and having ruled, the appellant then agreed to sign a waiver of the ten days and again asked for additional counsel. The court was justified in holding as he did that appellant was bound by the decision he had made earlier not to sign the waiver.

■ Ground of error six is not in compliance with Section 9 of Article 40.09, Vernon's Ann.C.C.P., in that it seeks to cumulate grounds of error heretofore discussed, and presents nothing for review.

■ Ground of error seven contends that certain testimony of the accomplice witness Judy Dunham constituted hearsay and was inadmissible. Dunham was outlining the plans made by the co-conspirators prior to the commission of the crime

1. The record does not support a conclusion that any of the participants acted in bad faith.

which involved appellant's participation therein. This was hearsay, but was clearly admissible as a declaration of a co-conspirator made during the existence of the conspiracy and in furtherance of the common design. Arnott v. State, Tex.Cr.App., 498 S.W.2d 166, Womble v. State, 165 Tex.Cr.R. 23, 301 S.W.2d 928.

Ground of error eight complains of the participation of the Honorable Gilford Jones as Special Prosecutor. Recently in Lopez v. State, Tex.Cr.App., 437 S.W.2d 268, we said:

"We find nothing in the record which would warrant a finding that the trial court abused his discretion in permitting the special prosecutor to participate in the case."

See also Ex Parte Powers, Tex.Cr.App., 487 S.W.2d 101; and Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968).

Ground of error nine is that the testimony of the witness Carlos Chandler should have been excluded. At eight o'clock on the morning of December 3, this witness offered appellant, who was a hitch-hiker, a ride from a point eight or nine miles from where the homicide had occurred and carried him to Big Spring where appellant wanted to be let out. During their conversation, appellant stated that he had to "get rid of" the dark colored coveralls he was wearing. Chandler knew nothing of the homicide at the time, but it was his testimony at the trial which put appellant in the vicinity of the homicide. Chandler was shown 20 pictures, two of which were of the appellant. There is no showing that the pictures were shown under suggestive circumstances or that Chandler's identification was tainted by such procedure.

Ground of error ten contends that the court erred in failing to charge on the law of circumstantial evidence. We need not pass upon the State's contention that the testimony of the accomplice witness obviated the necessity of such a charge, because we have appellant's confession to the witness Sheppard which made him a principal to the homicide and the rule expressed in Cogburn v. State, Tex.Cr.App., 458 S.W.2d 932, that a charge on circumstantial evidence is not required where appellant's confession is in evidence.

Ground of error eleven contends that the trial was conducted in "an atmosphere of prejudice", and under this ground he lists fifteen different examples, such as: "11. During argument at the guilt stage, District Attorney Burns was allowed to invite jury misconduct, SF VII 2379." We have examined such page in the record and find no objection was interposed to Burns' argument, and therefore nothing is presented for review.

All the matters complained of have been examined and present nothing of constitutional dimensions.

Finding no reversible error, the judgment is affirmed.