[No. 3704.]

## L. B. McClanahan *v.* The State.

Obstructing Public Road, Etc.—Information.—Article 405 of the Penal
Code provides as follows: "If any person shall wilfully obstruct or injure,
or cause to be obstructed or injured, in any manner whatsoever, any pub-
lic road or highway, or any street or alley in any incorporated town or
city, or any public bridge or causeway, he shall be fined," etc.  *Held* that
the offense denounced by the said article is the obstruction of any *pub-
lic* road or highway, or any street or alley in any *incorporated* town or
city, and that it does not embrace the obstruction of any road other than
a *public* road, or street or alley in an *unincorporated* town or city.   The
information in this case, alleging the obstruction of a "certain road in
the unincorporated town of Glen Rose," charges no offense against the
laws of this State.

Appeal from the County Court of Somervell.   Tried below
before the Hon. A. J. Hart, County Judge.

This conviction was for obstructing a certain road, and the
penalty imposed was a fine of one dollar.

The case is disclosed in the opinion.

*Cooper & Estes*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge.   Our penal statute with regard to
the obstruction of roads, streets, and bridges, reads as follows:
"If any person shall wilfully obstruct or injure, or cause to be
obstructed or injured, in any manner whatsoever, any public
road or highway, or any street or alley in any incorporated town
or city, or any public bridge or causeway, he shall be fined in a
sum not exceeding five hundred dollars."

The offense denounced is the obstruction of any *public* road or
highway, or any street or alley in any *incorporated* town or city.
It is no offense to obstruct a road which is not a *public* road, nor
is it any offense to obstruct a street or alley in an unincorporated
town or city.

The information in this case is fatally defective as an informa-
tion for obstructing a road, because it does not allege that the

road obstructed was a public road, and it is not good as a charge for obstructing a street or alley in a town or city, because it does allege that the town was incorporated. On the contrary, the allegation is that the defendant "did, at the county aforesaid, on the twenty-second day of July, 1885, and at divers other times at said place, wilfully obstruct a certain road in the unincorporated town of Glen Rose, in the county and State aforesaid, by building a fence across and over the said road."

This information states no offense against the law, and defendant's motion to quash the same should have been. sustained.

Because the information is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*