### JOHN TIPTON v. THE STATE.

#### No. 7726. Decided June 27, 1923.

1.—Assault to Murder—Aggravated Assault—Circumstantial Evidence—Charge of Court.

Where, upon trial of assault to murder and a conviction of aggravated assault, the evidence raised the issue of circumstantial evidence and the court failed to charge thereon, although duly requested, the same is reversible error. Following Leslie v. State, 42 Texas Crim. Rep., 65.

2.—Same—Evidence—Rebuttal.

Where some of the details of a former encounter between the parties had been introduced by the State's witness, the defendant should have been permitted to introduce testimony to controvert the correctness of the State's version.

Appeal from the District Court of Grayson. Tried below before the Honorable Silas Hare.

Appeal from a conviction of aggravated assault; penalty, a fine of $1,000 and two years confinement in the county jail.

The opinion states the case.

*J. W. Hassell, J. P. Cox,* and *Head, Dillard, Smith, Maxey & Head,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *Freeman, McReynolds, Hay* and *Wolfe,* for the State.

MORROW, Presiding Judge.—Upon an indictment charging an assault with intent to murder, appellant was convicted of an aggravated assault; punishment fixed at a fine of $1,000 and confinement in the county jail for a period of two years.

A detailed statement of the evidence is unnecessary. The injured party, Williams, the appellant and his brother, Lee Tipton, lived on neighboring farms. A private road upon the Tipton farm passed near the land occupied by Williams. Prior to the date of the present alleged assault, there had been a difficulty between the appellant and Williams; also a difficulty between appellant's brother, Lee Tipton, and Williams. There was evidence of threats on the part of Williams to take the life of Lee Tipton. There was also evidence that Williams carried arms. This was known to Lee Tipton and to the appellant; and after learning of the threats, Lee Tipton was in the habit of taking with him a shotgun.

From the State's testimony, it appeared that Williams saw a Ford automobile in which the appellant and Lee Tipton were riding; that he saw a gun come up and felt himself shot and fell down. His assailant continued to shoot. He then got up and fled. Several other shots were fired, four of which took effect upon his body. He was unable to see who fired the shots.

Appellant's testimony, in substance, is this: His car was kept in a garage about one hundred feet from the house at which he and his brother lived. His brother kept his gun in the house part of the time, and a part of the time in the garage. The morning was cold and the car was difficult to start. He was engaged some fifteen minutes in cranking it as the engine was not working well. Appellant rode in the front seat and his brother in the back seat of the car. Appellant said that just as he reached a point even with Williams, though about seventy-five yards distant, Williams "hollered" at him, but his words were not understood. As Williams put his right hand in his pocket, the gun was fired by appellant's brother. Appellant said that he had no knowledge of the presence of his brother's gun in the car. After the car was stopped, his brother got out and fired several other shots. The car stopped when the gun fired. After the shooting, the two brother went in the car to the sheriff's office.

The refusal of the court to instruct the jury upon the law of circumstantial evidence is made a ground of complaint. The court's attention was called to the matter by an appropriate exception to the charge and by special charges.

Appellant also questions the sufficiency of the evidence. In our

opinion, the evidence is sufficient to support the inference that the appellant and his brother were acting together in such manner as to bring them within the definition of principal offenders. Appellant's participation in the difficulty, however, is not shown by direct testimony. Direct proof being absent and reliance had alone upon inferences drawn from the existence of other facts to prove that the appellant aided or encouraged his brother in committing the assault, it was proper that the jury should know that the facts from which these inferences were drawn must be proved beyond a reasonable doubt and that they must be consistent with the guilt of the appellant and inconsistent with his innocence and inconsistent with any reasonable hypothesis save his guilt. His presence alone would not render him guilty. There was such controversy as to the cause of his presence, as to his own acts and as to his knowledge of his brother's intent as made it important that the jury be correctly informed touching the law which would govern them. The facts of the case are somewhat similar to those before the court in Anderson's case, 85 Texas Crim. Rep. 411. The principles therein announced are the same that were affirmed in Burrell v. State, 18 Texas Reports, 713; Leslie v. State, 42 Texas Crim. Rep. 65; Early v. State, 50 Texas Crim. Rep. 348. Many others might also be mentioned.

In opening its case, the State introduced evidence showing a former encounter between the appellant and Williams, the injured party in the present case. Some of the details of this encounter were given by the State's witnesses. Appellant sought to introduce evidence giving a different version of the encounter. Proof of this previous difficulty was doubtless available to the State, but it was the right of the appellant, in view of the evidence of the State showing the nature of the conflict and the acts of the appellant upon that occasion, to make proof of the facts relied upon by him to controvert the correctness of the State's version. Such we understand to be the operation of the statute, Art. 811, Code of Crim. Proc.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*