## Sam Stapleton v. The State.

No. 12740. Delivered November 13, 1929.
Rehearing denied January 15, 1930.

544

The opinion states the case.

*A. R. Rucks* of Angleton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for thirty years.

Appellant shot and killed W. E. Holmes. Several hours before the homicide appellant, his sons and one Duke had had some trouble with deceased. According to state's witnesses, deceased and some of his friends were in a negro house. Appellant and his companions entered the house, approached deceased and his friends, and cursed them. Deceased struck appellant and Duke with his fist. Whereupon appellant and his companions left the house. Several hours later deceased and his associates started back to the penitentiary farm where they were employed as guards. They met appellant, Duke and appellant's sons on the road. Witnesses for the state testified that appellant shot deceased with a shotgun, and that deceased was making no attack on appellant at the time. According to the state's version, deceased was unarmed. Appellant and his witnesses testified that deceased had attacked appellant in the negro house with a pistol, and that when they met deceased on the road deceased renewed the attack, striking appellant with a pistol. The issue of self-defense was submitted to the jury.

There were no exceptions to the court's charge. Two bills of exception were brought forward, both of which are in question and answer form, with no certificate of the trial court showing the necessity for such form. It has long been the rule in this court that bills of exception in question and answer form are not entitled to consideration. Govance v. State, 2 S. W. (2d) 853, and authorities cited. Where a bill of exception appears in question and answer form, in order to receive consideration the certificate of the trial judge must show the necessity for such form. Govance v. State, supra; Lee v. State, 274 S. W. 582.

If appellant's bills of exceptions should be considered, we are of the opinion that they fail to manifest reversible error. We gather from bill of exception No. 1 that the district attorney placed the witness Price on the stand and asked him what Button Fenn did when the witness heard the shot appellant fired at deceased. The witness answered that he (the witness) ran, but said he did not know what Fenn did. Whereupon the district attorney claimed surprise and requested permission to ask the witness leading questions. He then asked the witness if he (the witness) did not tell him that Button Fenn ran. The witness answered that he did not remember. Thereupon the district attorney took the stand and testified the witness had told him that Fenn ran when deceased fired the shot. Appellant objected to the question propounded to the witness and to the testimony of the district attorney on the ground that the state was attempting to impeach its own witness without laying the proper predicate therefor. It is error to permit the state to impeach her own witness, where such witness merely fails to remember, or refuses to testify, or fails to make out the state's case. The mere failure to make proof is no ground for impeaching such witness. Hughes v. State, 272 S. W. 474, and authorities cited. Fenn's connection with the case on trial is not disclosed by the bill of exception. If Fenn testified for appellant the bill fails to apprise us of such fact. If he did not give testimony beneficial to appellant, we are unable to perceive how the fact that the state showed by improper testimony that he left the scene of the homicide could harm appellant. Again, as far as the bill reflects the matter, the witness Price testified to no fact other than that he (the witness) heard a shot and ran away. Hence, if impeachment of the witness was improper, the error was harmless. Widener v. State, 5 S. W. (2d) 138; Miller v. State, 150 S. W. 635; Holmes v. State, 150 S. W. 926.

If bill of exception No. 2 should be considered, it would appear that the deputy sheriff was asked if appellant made a statement to him at the time, he (appellant) handed him a shotgun. We gather from the bill that the deputy sheriff arrested appellant at the time appellant handed him the shotgun. The court permitted the question to be asked but refused to permit the witness to answer it. It is not necessary to decide whether the court was in error in this. According to the qualification appended to the bill of exception, appellant had already stated without objection that he made a statement to said deputy sheriff. In this condition of the record, if the bill should be considered, we would not be justified in ordering a reversal. Johnson v. State, 1 S. W. (2d) 896; Rios v. State, 7 S. W. (2d) 535.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant's motion for rehearing has been examined and the conclusion reached that the proper disposition of the appeal was made upon the original hearing.

The motion is overruled.

*Overruled.*