ROMA DUKE v. THE STATE.

No. 13973. Delivered March 18, 1931.

The opinion states the case.

*A. E. Masterson,* of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

Appellant and Sam Stapleton were jointly indicted for the murder of W. E. Holmes. A severance being had, Stapleton was first placed on trial, and convicted. On appeal to this court the judgment of conviction was affirmed. See Stapleton v. State, 113 Texas Crim. Rep., 543, 22 S. W. (2d) 939.

Several hours before the homicide appellant, Sam Stapleton, and the sons of Stapleton had had some trouble with deceased. According to the testimony of State's witnesses, deceased and some of his friends were in a negro house. Appellant and his companions entered the house, approached deceased and his friends, and cursed them. Deceased struck appellant and Sam Stapleton with his fist. Whereupon appellant and his companions left the house. Several hours later deceased and his associates started back to the penitentiary farm where they were employed as guards. They met appellant, Sam Stapleton and Stapleton's sons in the road. Witnesses for the State testified that Sam Stapleton shot deceased with a shotgun. According to the State's version, deceased was unarmed. The State's testimony was further to the effect that appellant said to the deceased at the time of the difficulty in the negro house: "I will see you again." Further, according to the version of the State, when the parties met on the road several hours after the difficulty in the negro house, deceased had gotten out of the car in which he was riding and walked up the road. State's witness Woodley, who was in the car with deceased, testified, in substance, that appellant walked up to the car and asked him: "Ain't you the s-s of b-s that whipped us up over there?" The witness having replied in the negative, appellant said: "Yes, I believe you are the G- d-d s-of-a-b- that whipped up on us out there." The witness again replied in the negative and appellant said, according to the testimony of the witness: "Where is the other two fellows that were in there with you?" The witness said: "They ain't nobody in here with me." Appellant replied: "You are a G- d- liar. There was while ago." The witness then told appellant that the parties

had gotten out and gone up the road. In answer to this, appellant said: "I believe you are the G- d- b-d that whipped us up." The witness again denied the charge, and appellant then told him that he apologized to him if he was not the man. The parties then shook hands. About the time this conversation between appellant and the witness ended deceased came up to the car. Sam Stapleton, who was standing nearby with a shot-gun, raised the gun as someone said: "There is one of the s-s of b-s now." Stapleton fired three shots at deceased. Appellant had a shot-gun in his car, but had no arms on his person. No witness for the State was able to testify that appellant said anything to Stapleton or to deceased. It appears that at the time Stapleton fired upon deceased, appellant was on the opposite side of the automobile from Stapleton and deceased, talking to one Fenn, who testified in appellant's behalf.

Appellant denied that he had entered into a conspiracy with Sam Stapleton to kill deceased. He admitted that he had a shotgun in his car, but stated that he had carried the gun from his home for the pur-pose of shooting ducks. He declared that he said nothing to Stapleton at the time he fired upon deceased, and that he did not encourage him, by acts or words, to attack deceased. He testified that he did not know that it was Stapleton's intention to attack or kill deceased. Further, he testified that he had no intention to kill deceased.

Appellant timely and properly objected to the charge of the court because of its failure to submit an instruction covering the law of cir-cumstantial evidence. We think the charge should have been given. Such evidence as is found in the record against appellant is wholly circum-stantial. No one testified that appellant took part in or advised the homicide. The State's evidence negatives any immediate act of appellant. Sam Stapleton fired the fatal shots. Appellant's connection as a principal in the transaction depended upon inferences to be drawn from other facts in evidence. The State relied upon circumstances to show that appellant advised or encouraged the homicide. It is well established that, when the actual killing is done by another, the mere presence of the accused does not deprive him of the privilege of having his criminal connection with the offense determined by the rule of circumstantial evidence. Burrell v. State, 18 Texas, 713; Early v. State, 50 Texas Crim. Rep., 344, 97 S. W., 82; Joyce v. State, 90 Texas Crim. Rep., 265, 234 S. W., 895; Tipton v. State, 95 Texas Crim. Rep., 205, 253 S. W., 301.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been exam-ined by the Judges of the Court of Criminal Appeals and approved by the Court.