JIM BURLESON v. THE STATE.

No. 18451. Delivered October 21, 1936.
State's Rehearing Denied February 17, 1937.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

Curtiss Butler, the alleged injured party, testified, in substance, as follows: During the month of July, 1934, the witness, appellant and Red Jordan entered into an agreement whereby appellant and Jordan were to deliver to witness two hundred dollars in counterfeit money upon the payment by witness to them of approximately sixty-five dollars. On the day of the robbery appellant advised him that he would be unable to get the counterfeit money until the following day. However, he asked the witness if he had his money, and further, if he would be willing to deliver the money to Red Jordan that night. The witness replied in the affirmative. This conversation took place in witness' room in a hotel. Shortly after appellant left Jordan came to the room and asked the witness if he had the money. When he answered in the affirmative Jordan exhibited

a pistol and ordered him to deliver the money to him. He handed Jordan sixty-five dollars. Appellant was not present at the time. The witness followed Jordan downstairs and observed appellant sitting in an automobile near the hotel. Jordan entered the automobile with appellant and they drove away.

Appellant did not testify but introduced witnesses whose testimony raised the issue of alibi. The wife of the proprietor of the hotel testified that Butler called her about four o'clock in the morning and told her he had been robbed. She asked him about the occurrence, but he was unable to give her any of the details. However, he exhibited an envelope which contained blank paper, and stated to the witness that he had been robbed of sixty-five dollars.

Appellant timely and properly excepted to the charge of the court on the ground that nowhere therein were the jury instructed on the law of circumstantial evidence as it applied to the guilt of appellant. It is seen from an examination of the evidence that there was no direct testimony indicating a conspiracy between appellant and Jordan to rob Butler. That Jordan committed the robbery was shown by the testimony of the State. Also the testimony of the State was to the effect that appellant was not immediately present, but was sitting in an automobile near the hotel. Manifestly, the State relied upon circumstantial evidence to establish appellant's principalship. In murder cases this court has uniformly held that when the actual killing is done by another, the mere presence of the accused does not deprive him of the privilege of having his criminal connection with the offense determined by the rule of circumstantial evidence. See Henderson v. State, 48 S. W. (2d) 271. We perceive no reason for laying down a different rule in a robbery case where the principalship of the accused depends entirely upon circumstantial evidence. Hence we are constrained to order a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing urging that we were in error in holding that the court

should have instructed on circumstantial evidence, in view of a written objection specifically calling the court's attention to an omission from the charge of any instruction on the subject.

The State relies on Colter v. State, 37 Texas Crim. Rep., 284, and Barnes v. State, 90 Texas Crim. Rep., 51, 232 S. W., 312, as supporting its position that to show appellant guilty as a principal reliance was not had on circumstantial evidence.

In Colter's case positive evidence was in the record that appellant and three others conspired to rob one Cox. The four got on the same street car with Cox when he started to Oak Cliff from Dallas. The robbery was discussed among appellant and his three companions while they were on the car. When Cox got off the car the four conspirators also got off. They then had a conference and divided into couples and followed Cox. One of the four assaulted and robbed him, the very offense contemplated. The four then ran away from the scene of the robbery. These facts were in evidence from one of the conspirators who testified for the State. Surely under such proof no charge on circumstantial evidence was called for. In Barnes' case (supra) the positive evidence showed him to have been actively engaged in the assault upon deceased. In our opinion neither of the cases supports the State's contention that the present case does not depend on circumstantial evidence to show that appellant was a principal in the robbery of Butler, whose story about the transaction is peculiar. He testified that he was not acquainted with appellant and had never met him until he (Butler) reached San Augustine to which place he had gone from his home in Nacogdoches County for the purpose of exchanging sixty-five dollars in good money for two hundred dollars in counterfeit money. The evidence might support a conclusion that one Wall brought appellant and Butler together. The evidence does not show that Butler had ever seen Jordan before the latter is claimed to have committed the robbery. The inference may be drawn from facts testified to by Butler that appellant and Jordan intended either to exchange counterfeit money for Butler's good money, or pretend such exchange, and to such extent were engaged in an unlawful enterprise. But appellant is charged as a principal in the robbery of Butler, which offense was committed by Jordan. There is nothing in Butler's evidence which would indicate that a robbery was contemplated, or if so, that appellant was aware of it, save as it may be reasoned out or inferred from the facts testified to by Butler. Under such circumstances we believe the principle applicable as announced in Henderson v. State,

120 Texas Crim. Rep., 361, 48 S. W. (2d) 271; Duke v. State, 117 Texas Crim. Rep., 381, 36 S. W. (2d) 732; Joyce v. State, 90 Texas Crim. Rep., 265; 234 S. W., 895; Burrell v. State, 18 Texas, 713 (decided in 1857); Anderson v. State, 85 Texas Crim. Rep., 411, 213 S. W., 639; Early v. State, 50 Texas Crim. Rep., 344; Pizana v. State, 81 Texas Crim. Rep., 81, 193 S. W., 671. In Burrell's case, who was tried jointly with Burns for killing Bird, the evidence showed that Burrell fired the shot. Burns was present, but his participation as a principal was only shown by proof of circumstances. So, in the present case, Jordan perpetrated the robbery—if one was committed—and conceding that appellant was present bent on some unlawful enterprise, his participation as a principal in a robbery is shown only by proof of circumstances. They may justify the jury in finding that he was a principal, but the court should have responded to the exceptions to his charge calling attention to the necessity of an instruction on the law of circumstantial evidence as it related to appellant's claimed connection with the specific crime of robbery to guide the jury in passing on the question.

The motion for rehearing is overruled.

*Overruled.*