**Charles Eugene O'BRIENT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 61870.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 31, 1979.

Rehearing Denied Nov. 21, 1979.

Robert A. Canonico, Ben Selman, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Karen C. Matkin, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. After the jury answered the punishment issues under Article 37.071, V.A.C.C.P., in the affirmative, punishment was fixed at death.

In his first ground of error appellant contends the trial court reversibly erred when it denied his motion for a change of venue without conducting a hearing. The motion was properly filed and supported by affidavits as required by Article 31.03, V.A.C.C.P. When the motion was presented at the hearing on pre-trial motions on April 20, 1978, the trial court ruled that it would carry the motion along pending jury selection. On May 30, after the jury had been selected, the trial court overruled the motion on the basis of the jury voir dire and without conducting a hearing on the motion, and appellant excepted to the court's ruling on the basis of the denial of a hearing. These circumstances are substantially the same as those presented in *Henley v. State*, Tex.Cr.App., 576 S.W.2d 66, and require reversal. In that case this Court wrote:

"The issue on appeal is not whether the trial court erred by not granting appellant a change of venue, nor whether the trial court erred in delaying its ruling on appellant's motion for change of venue until voir dire had been conducted. The precise question to be decided is this:

"If a defendant timely files a properly verified motion for change of venue under Article 31.03, V.A.C.C.P., is it an abuse of discretion and a denial of due process for the trial court to overrule the motion without affording defendant a pretrial hearing to present evidence in support of the motion?"

■ In this case appellant timely filed a proper motion under Art. 31.03, supra, and, after jury selection was completed, the State filed controverting affidavits. The trial court was therefore required to conduct an evidentiary hearing on the issue. *Henley v. State*, supra, and authorities there discussed. Here, as there, "the trial court predicated its denial of appellant's motion solely upon the successful qualification of a jury panel. In so doing the court confused the grounds for change of venue with the grounds for juror challenge for cause."

In ruling on the motion the trial judge recited:

". . . in accordance and in compliance with the Court's Ruling, which was had . . . on the 20th day of May [April] of 1978, at which time the Court held in abeyance the Ruling on the Motion for a Change of Venue and announced into the record and to the parties that the Court was holding the same in abeyance until such time as we determined whether or not a jury could be selected. A jury, having been selected as of 6:45 p. m. on Friday, May 26, 1978, and after having examined 105 veniremen, the record of said examination reflects that only four of the veniremen out of the 105 examined were disqualified because of any opinion based upon any publicity. And at this time the Court is denying the Defendant's Motion for a Change of Venue."

The written ruling on the motion reflects the same reason for the trial court's action. This is precisely what was condemned in *Henley v. State*, supra.

■ The State argues that appellant abandoned his motion because it was not urged until after the jury had been selected. Such conduct by appellant was merely in accord with the trial court's instruction. Appellant initially presented his motion over a month before trial, and the court ruled that the motion would be carried over until after jury selection was attempted. The court's ruling set out above and appellant's exception to that ruling for failure to conduct a hearing make it clear that he did not abandon the motion.

*Devereaux v. State,* Tex.Cr.App., 473 S.W.2d 525, relied on by the State, is not in point. In that case several pre-trial hearings were held, yet the defendant at no time prior to trial urged her motion for change of venue. When the defendant did for the first time urge the motion after jury voir dire had been completed, the trial court denied the motion on the grounds that it was untimely urged. Here appellant presented the motion before trial; a final ruling was postponed until after jury selection on the court's own direction, and the motion was denied on the merits, not for untimeliness.

█ We also observe that the failure of appellant to make a bill of exception to show what evidence he would have presented at a hearing does not affect the disposition of this ground of error. In *Henley v. State,* supra, it was held:

"We note that during the motion for new trial hearing the trial court allowed appellant to put on evidence in support of his bill of exception to the court's denial of his motion for change of venue. While the evidence adduced during the hearing is included in the record before us on appeal we decline to examine it in order to determine whether the trial judge abused his discretion in not granting appellant a change of venue. That is not the issue before us. The abuse of discretion condemned here is the trial court's failure to grant appellant a pretrial hearing on his change of venue motion. If the hearing on a change of venue is postponed until after trial, a great deal of time, effort and money will be wasted if the evidence adduced during the posttrial hearing compels a new trial in another county. Further, it is unlikely that following a jury verdict of guilty in a highly publicized mass, sex-torture killing case the trial court would readily èrase the jury's pronouncement and grant appellant another trial. Lastly, such a procedure would allow the trial courts to escape their duty of making an independent assessment of the merits of the change of venue motion and to delegate that responsibility to an appellate court. The dictates of due process and Chapter 31, V.A.C.C.P., necessitate that a defendant's right to an impartial jury and fair trial be protected *in the first instance* by the trial court. A defendant must not needlessly be denied due process by a trial court and suffer the emotional rigors and expense of a criminal trial, and possibly incarceration pending appeal only to be afforded due process months or even years later by an appellate court. Such a state of affairs is in itself a denial of due process."

We therefore are required to hold under the authority of *Henley v. State,* supra, and the cases there examined at length, that the facts of this case demonstrate the trial court's refusal to conduct a hearing on the motion for a change of venue denied appellant his rights under the laws of this State and constituted a deprivation of due process.

The judgment is reversed and the cause remanded.