**Daniel GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00034–CR.**

Court of Appeals of Texas,
San Antonio.

June 28, 1985.

Rehearing Denied July 24, 1985.

E.B. Barretto, San Antonio, for appellant.

Sam Millsap, Jr., Elizabeth H. Taylor, Charles Estee, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

REEVES, Justice.

This is an appeal from the revocation of probation.

In November of 1982, appellant Daniel Gonzales, upon a plea of guilty, was convicted of the offense of arson. Punishment was assessed at five years incarceration; imposition of sentence was suspended and appellant was placed on probation for ten years.

The State filed a motion to revoke probation alleging appellant violated the terms of his probation. On December 15, 1983, a hearing was held on the motion to revoke. The court found that appellant had violated the terms of his probation and a five year sentence was imposed.

Counsel for appellant filed a brief in which he concludes this appeal is frivolous and without merit. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel states he has made a careful examination of the record and has found only one arguable contention: the indictment is fundamentally defective.

The indictment reads, in pertinent part: ... on or about the 9th day of JUNE, A.D., 1982, DANIEL GONZALES did then and there INTENTIONALLY START A FIRE with intent to destroy and damage a HABITATION GENER- ALLY LOCATED IN THE 4000 BLOCK OF CENTRALIA STREET, KNOWING THAT IT WAS WITHIN THE CITY OF SAN ANTONIO: against the peace and dignity of the State.

If an indictment is fundamentally defective the original conviction based on that indictment will be set aside in an appeal from a probation revocation proceeding. *Morgan v. State*, 571 S.W.2d 333 (Tex.Crim.App.1978). However, in this cause, appellant's counsel does not specify in what way the above indictment is defective.

Counsel for appellant states in his brief, "this Indictment duplicates the wording of section 28.02(a) of the Penal Code of the State of Texas and conforms to the requirements for an indictment approved by this

court in *Huggins v. State*, 544 S.W.2d 147 (Tex.Crim.App.1976)."

*Huggins* is an arson case and holds that willfulness is an essential element of the crime of arson or attempted arson and must be alleged in the indictment. Appellant offers no explanation as to why the indictment is defective or what relationship this case bears to the *Huggins* holding. We see no error in the indictment falling within *Huggins*.

However, the State, *sua sponte*, has called to our attention a variance between the indictment and the penal code.

TEX.PENAL CODE ANN. § 28.02 (Vernon Supp.1985) provides, in pertinent part:

(a) A person commits an offense if he starts a fire ... with intent to destroy or damage any ... habitation

...

(1) knowing that it is within the limits of an incorporated city or town.

In this case, the indictment fails to allege that San Antonio is an incorporated city.

In *Vasquez v. State*, 665 S.W.2d 484 (Tex.Crim.App.1984), the indictment alleged the accused did "intentionally and knowingly start a fire and cause an explosion with intent to damage and destroy a habitation, knowing said habitation was within the limits of an incorporated city or town, to wit, Three Rivers, Texas, and knowing said habitation was located on property belonging to another, Freddie Diaz."

TEX.PENAL CODE ANN. § 28.02(4) provides an alternate theory for the offense to section 28.02(1), "knowing that it is within the limits of an incorporated city or town," by providing "knowing that it is located on property belonging to another."

In *Vasquez*, the State presented sufficient evidence to show that the habitation was the property of another; it presented no evidence to show Three Rivers was an incorporated town.

The Court of Criminal Appeals noted it was error for the court of appeals to take judicial knowledge that Three Rivers was an incorporated town, as alleged in the

indictment. However, the decision of the court of appeals was affirmed since appellant made no objection to the charge which charged the jury disjunctively. Nor did the appellant force the State to elect between the two ways of committing the offense. Thus, there was sufficient evidence to prove one of the two ways alleged of committing the offense.

The State urges this court to take judicial knowledge of the incorporation of the City of San Antonio. We cannot do so in light of the clear prohibition of *Vasquez*.

■ Even if we were to disregard *Vasquez*, we could not take judicial knowledge of an essential element of an offense not alleged in an indictment.

The procedural context of *Vasquez* involves a question of proof. There, the State alleged in the indictment an "incorporated city, to wit, Three Rivers" but presented no proof of incorporation. It was in that context that the Court of Criminal Appeals forbade invoking the doctrine of judicial knowledge as a substitute for proof of incorporation.

The issue here is not one of proof of an element alleged in the indictment; rather it is whether the omission of the allegation of an element, incorporation, in an indictment based upon section 28.02(a)(1) of the Penal Code constitutes fundamental error. The Court of Criminal Appeals recently declined to decide this precise question. *Castillo v. State*, 689 S.W.2d 443 (Tex.Crim.App.1985) (opinion on rehearing).

■ We hold that it is fundamental error to omit the allegation of incorporation from the indictment.

Section 28.02(a)(1) as enacted by the Legislature specifically prohibits setting fires within an incorporated area; the danger to life and people in such areas is considerably greater and more immediate than in an unincorporated area. Section 28.02(a)(1) is the only subsection which refers to a geographical location as an element of the offense. If the proscribed act is committed in an unincorporated area, the accused cannot be indicted under section 28.02(a)(1) but must fall within one of the other five subsections of section 28.02. *See Mouton v. State*, 627 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1981, no pet.).

The incorporation of a city is an essential element of the offense of arson if arson is alleged under section 28.02(a)(1). While it may be common knowledge that the City of San Antonio is incorporated, the status of smaller cities and towns would not be readily known to a defendant. The omission of the allegation of incorporation for an offense committed in smaller towns, such as Poth, Westoff or Smiley, would delete an element of the crime, the very element on which hinges the application of the section of the code under which he is charged. *See McClanahan v. State*, 21 Tex.Ct.App. 429, 2 S.W. 813 (1886) (information fatally defective that did not allege obstruction of *public* road in any *incorporated* town).

■ It is fundamental that an indictment must allege all essential elements of the offense sought to be charged. *Winton v. State*, 549 S.W.2d 751 (Tex.Crim.App.1977); *See* TEX. CODE CRIM.PROC.ANN. art. 21.03 (Vernon 1966).

■ Failure to allege an essential element of an offense is a jurisdictional defect rendering the indictment fundamentally defective and therefore void. *Zachery v. State*, 552 S.W.2d 136, 137–38 (Tex.Crim. App.1977).

The judgment of the trial court is reversed and prosecution under this indictment is dismissed.

CADENA, Chief Justice, dissenting.

The indictment alleges that the habitation was "within the City of San Antonio." The majority opinion concludes that the indictment is fundamentally defective because it fails to allege that the City of San Antonio is an "incorporated" city.

As the Court of Criminal Appeals pointed out in *Noble v. State*, 18 S.W.2d 619, 620 (Tex.Crim.App.1929), a city is an "incorporated town." There is no such thing as an

"unincorporated" city. The Texas Supreme Court said, as early as 1890, that it is a well-established historical fact that the City of San Antonio was established as a corporation in 1733. *Dittmar v. Dignowity,* 78 Tex. 22, 14 S.W. 268 (1890). It was recognized as being incorporated by the Republic of Texas in 1837. Law of Dec. 14, 1837, 1837 Tex.Gen. Laws 37, 1 H. GAMMEL, LAWS OF TEXAS 1379 (1898). It was recognized as an incorporated city by the State of Texas in 1856. Law of July 17, 1856, ch. LXXXVII, 1856 Gen. Laws 4; 4 H. GAMMEL, LAWS OF TEXAS 550 (1898).

It is true that in *Vasquez v. State,* 665 S.W.2d 484 (Tex.Crim.App.1984), the Court of Criminal Appeals held that a court of appeals may not take judicial notice of the fact that a city was incorporated. This runs counter to the well-settled rule that courts are required to take judicial notice that a city is incorporated. The Court of Criminal Appeals has so held on several occasions. *Salazar v. State,* 161 Tex.Cr.R. 98, 275 S.W.2d 112 (1955), *Farmer v. State,* 119 Tex.Cr.R. 212, 43 S.W.2d 588 (1931), opinion on rehearing. The same rule has been consistently applied in civil cases. *Greenway Parks Owners Association v. City of Dallas,* 159 Tex. 46, 316 S.W.2d 74 (1958).

In *Snyder v. State,* 132 Tex.Cr.R. 3, 102 S.W.2d 424 (1936), the Court of Criminal Appeals took judicial notice of the fact that the City of San Antonio was incorporated under the enabling act passed pursuant to the Home Rule Amendment to the Texas Constitution.

I see no justification whatever for the attempt by the Court of Criminal Appeals in *Vasquez, supra,* to apply to the eyes of the courts of appeal a blindfold which that court has refused to wear.

TEX. CODE CRIM.PROC.ANN. art. 21.-18 (Vernon 1966) expressly provides that matters of which judicial notice is taken need not be alleged in the indictment.

The indictment was not fundamentally defective.