**Joe Thomas ARCHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–85–00262–CR, 04–85–00425–CR.**

Court of Appeals of Texas,
San Antonio.

July 23, 1986.

Scott Stehling, Kerrville, for appellant.

Ronald L. Sutton, Junction, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

### OPINION

ESQUIVEL, Justice.

These two appeals are from judgments of conviction in a burglary of a building case and in an arson case.

Appellant was indicted in Cause No. 334 for the offense of burglary of a building (our Appeal No. 04–85–00425–CR) and in Cause No. 333 for the offense of arsonn (our Appeal No. 04–85–00262–CR). Both causes were tried jointly by consent in the 198th District Court of Kimble County; the jury returned separate verdicts finding appellant guilty of the offense as charged in each indictment and assessed appellant's punishment at ten years confinement in the burglary case and at fifteen years confinement and a fine of Ten Thousand ($10,-000.00) dollars in the arson case. Appellant has appealed both convictions to this court alleging three identical grounds of error. Accordingly, this opinion will be dispositive of both appeals. We reverse the judgment of conviction for arson and affirm the judgment of conviction for burglary.

Appellant's second and third grounds of error contend that the appellant's motion for change of venue should have been sustained by the court. In support of his contention appellant asserts that "there is no evidence in the record to support the State's affidavit attacking means of knowledge of compurgators" and "by failing to rule on appellant's motion for change of venue at the pretrial hearing", the trial court denied him a hearing on the motion.

In his initial ground of error, which has no application to his appeal of the burglary conviction, appellant contends that the indictment in the arson case was "fundamentally defective and therefore void." In support of this ground of error he asserts that the arson indictment omits the statutory language that "appellant acted 'with intent to destroy or damage any building, hab-

itation or vehicle' and thus does not allege a crime."

We will first address the ground of error concerning the indictment in the arson case.

The indictment in question alleges in pertinent parts that appellant "... did then and there intentionally start a fire in a building knowing that it was within the limits of an incorporated city, to-wit: Liverman Grocery, located at 1414 Main Street, Junction, Texas."

The offense of arson is set out in TEX. PENAL CODE ANN. § 28.02 (Vernon Supp. 1986), which provides in pertinent part:

(a) A person commits an offense if he starts a fire ... with intent to destroy or damage any ... building ...

(1) knowing that it is within the limits of an unincorporated city or town;

&ast; &ast; &ast; &ast; &ast; &ast;

■ It is fundamental that an indictment must allege all essential elements of the offense sought to be charged. *Ex parte Winton*, 549 S.W.2d 751, 752 (Tex.Crim. App. 1977); *Gonzales v. State*, 695 S.W.2d 81, 83 (Tex.App.—San Antonio 1985, no pet.); TEX. CODE CRIM. PROC. ANN. art. 21.03 (Vernon 1966). Failure to allege an essential element of an offense is a jurisdictional defect rendering the indictment fundamentally defective and therefore void. *Zachery v. State*, 552 S.W.2d 136, 137–38 (Tex.Crim.App.1977); *Gonzales*, 695 S.W.2d at 83.

■ The issue raised by appellant's ground of error and argument in support thereof is whether "with the intent to destroy or damage any building" is an essential and material under our statutory definition of arson as any other element of the offense which must be pleaded.

We answer the issue in the affirmative. We hold that "with the intent to destroy or damage any building" is as essential and material under the statutory definition of arson as any other element of the offense therein set out and must be pleaded. TEX. CODE CRIM. PROC. ANN. art. 21.05 (Ver-

non 1966) provides in pertinent part. "[W]here a particular intent is a material fact in the description of the offense, it must be stated in the indictment."

We conclude that the indictment in the instant case does not allege the offense of arson. We agree with the comment of the trial court from the bench during the pretrial hearing on the motion that "everytime anyone lights a power light inside the City of Junction, they are violating the indictment."

We hold that the indictment for arson in the instant case to be fundamentally defective and therefore void. The inclusion of the phrase "with intent to destroy or damage any building" by the court in its charge to the jury did not cure the error created by the void indictment. Appellant's ground of error number one is sustained.

We will next address the venue issue raised by appellant's ground of error insofar as it pertains to the burglary case.

In the instant case there is no dispute that appellant's motion for change of venue was properly filed and supported by affidavits as required by TEX. CODE CRIM. PROC. ANN. art. 31.03 (Vernon 1966); further, there is no dispute that the State filed a controverting affidavit, that a pretrial hearing was simultaneously held by the trial court, that at the end of such the court announced that it would withhold ruling on the motion until sometime during voir dire.

■ It is well settled that a trial court is required to determine a motion for change of venue at the pretrial hearing, or during the voir dire examination of the jury. TEX. CODE CRIM. PROC. ANN. art. 28.-01, § 1(7) (Vernon 1966).

In *Henley v. State*, 576 S.W.2d 66, 72 (Tex.Crim.App.1979), the court stated:

The procedure demanded of the trial court under Chapter 31, V.A.C.C.P. is for the threshold issue of whether a trial should be conducted in the county involved.... The defendant has made his offer of proof with the affidavits filed in support of the motion for change of ven-

 

ue. The filing of the controverting affidavits by the State 'joins the issues' and thus requires the court to resolve this preliminary question.

Appellant contends that under the authority of *O'Brient v. State*, 588 S.W.2d 940 (Tex.Crim.App.1979) he was denied such a hearing because the court never ruled on his motion for change of venue. His reliance on *O'Brient* is misplaced. The issue before the court in *O'Brient* was whether the trial court abused its discretion and a denial of due process in *overruling* appellant's motion without affording appellant a pretrial hearing to present evidence in support of the motion. *Id.* at 941. This is not the issue in the case before us.

■ In the case before us there is nothing in the record showing any ruling by the court on appellant's motion. The record does not show that the motion was brought to the attention of the trial court during voir dire or after the jury was selected, or that it was ever acted upon by the trial court. Therefore the record does not bear out appellant's contention that the trial court failed to grant his motion. Under the state of the record we can only conclude that appellant abandoned his motion for change of venue in both cases. Under these circumstances, we see no reason to depart from the general rule that if a motion or objection is not brought to the attention of the trial court, *nor ruled upon* by the trial court, no error is preserved. *Aranda v. State*, 640 S.W.2d 766, 776 (Tex. App.—San Antonio 1982, no pet.).

As such, appellant's grounds of error two and three are without merit and they are overruled.

Accordingly, we hold the indictment is fundamentally defective since it fails to allege that the defendant acted with the intent to destroy the building. The judgment of the trial court in cause number 333 is reversed and the cause is remanded with instructions to dismiss the indictment for arson.

We also hold that no error was preserved since the change of venue motion was not ruled on by the trial court. The judgment of the trial court in cause number 334 (the burglary case) is affirmed.