OPINION
DAY, Justice.
Kenneth Reed Smith (Smith) appeals his conviction of aggravated sexual assault pursuant to Tex.Penal Code Ann. § 22.-021(a)(l)(A)(i), (a)(2)(A)(ii), (iii) & (c) (Vernon 1989). The jury assessed punishment, enhanced by a prior felony conviction, at life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine.
We affirm in part and reverse and remand in part.
The sufficiency of the evidence is not at issue in this appeal, and so we will limit our discussion of the facts to those addressed in each point of error.
In his first point of error, Smith complains the trial court improperly admitted evidence of an unadjudicated extraneous offense at the punishment stage of trial, in violation of Tex.Code Crim.Proc.Ann. art. 37.07(3)(a) (Vernon Supp.1993) and double jeopardy, collateral estoppel, and ex post facto principles.
At the punishment phase of trial, the court, over defense counsel’s objection, allowed into evidence testimony about the facts underlying Smith’s prior conviction for capital murder. Because that conviction was then on appeal, the court did not allow the State to admit the judgment and sentence.
The Court of Criminal Appeals has recently ruled that evidence of specific unad-judicated conduct is inadmissible at the punishment phase of a noncapital trial under article 37.07(3)(a). See Grunsfeld v. *277 State, 843 S.W.2d 521, 523 (Tex.Crim.App.1992). This exclusion applies to evidence of offenses for which the accused has been convicted, but is appealing, as well as to evidence of wholly unadjudicated offenses. Id. at 523-25.
Because Smith’s appeal of his capital murder conviction was still pending during the punishment phase of trial in the instant case, the trial court abused its discretion in admitting evidence of the facts underlying that conviction. We sustain Smith’s first point of error.
In his second point of error, Smith complains the trial court improperly refused to allow testimony or cross-examination on the issue of whether L.S., the complainant, had contracted the AIDS virus. In his pretrial motion for discovery, Smith asked the court to order the State to provide him evidence or information known to the State or in the State’s possession or control that was inconsistent with Smith’s guilt or relevant to punishment. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197-98, 10 L.Ed.2d 215, 218 (1963). Specifically, Smith requested information to the effect that L.S. was then suffering from AIDS.[1]
The trial court ordered the State to comply with Brady and to provide Smith “anything exculpatory.” The judge also ordered both Smith and the State to submit for an in camera hearing any evidence they had concerning whether either Smith or L.S. had AIDS.
At the in camera hearing, James Hol-brook, M.D., testified that Smith did not have the antibodies to the AIDS virus. Dr. Holbrook further testified, however, that Smith could be in the incubation period for AIDS and that it might be years before he showed symptoms of having the AIDS virus. Smith also had access to L.S.’s medical records at John Peter Smith Hospital.[2] Smith concedes that these records did not mention AIDS.
Thereafter, the trial judge ruled that whether either Smith or L.S. had the AIDS virus was not relevant to the case. The judge further stated:
I’ve reviewed the expertise in this area, the law and the medical probabilities, whether or not a person had sexual intercourse with somebody who had AIDS, whether or not they will at that time get infected is totally, medically unpredictable. There is no reasonable medical probability. Therefore, it’s not evidence in this case....
Since the promulgation of the Texas Rules of Criminal Evidence in 1986, Tex. R.Crim.Evid. 702 has governed the admission of all expert testimony.[3] Kelly v. State, 824 S.W.2d 568, 572 (Tex.Crim.App.1992). Rule 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Id.

The threshold determination for a trial court to make regarding the admission of expert testimony or other scientific evidence is whether that testimony or evidence will help the trier of fact understand the evidence or determine a fact in issue. Kelly, 824 S.W.2d at 572; Duckett v. State, 797 S.W.2d 906, 910 (Tex.Crim.App.1990).
Under Rule 702 the proponent of novel scientific evidence must prove to the trial court, by clear and convincing evidence, that the proffered evidence is reliable and therefore relevant. If the trial *278 court is so persuaded, then the evidence should be admitted for the jury’s consideration, unless the trial court determines that the probative value of the evidence is outweighed by some factor identified in Rule 403.[4] Kelly, 824 S.W.2d at 573.
We must uphold the trial court’s rulings on relevancy and probative value as long as those rulings were within the “zone of reasonable disagreement,” given the evidence presented and the requirements of Rule 702. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (opinion on reh’g).
In the instant case the trial court could reasonably have determined, based on Dr. Holbrook’s testimony and the other information available to the court, that evidence concerning whether Smith or L.S. actually had AIDS, in any of its stages, was unreliable and therefore irrelevant on the issue of whether Smith had sexually assaulted L.S. Additionally, the trial judge could reasonably have determined that, given the speculative nature of this evidence, the prejudicial effect such an inquiry could have had on the jury would have far outweighed its probative value.
We therefore find that the trial court did not abuse its discretion in refusing to admit testimony or allow cross-examination on the issue of whether L.S. had contracted the AIDS virus.
Smith’s contention that the trial court’s ruling on this issue amounted to a comment on the weight of the evidence is wholly unfounded. All of the testimony or discussion regarding AIDS took place out of the jury’s presence.
Furthermore, Smith’s assertion that the trial court’s ruling deprived him of his constitutional right to a fair trial is unaccompanied by citation either to the record or to any authority. We find this argument no more persuasive than its immediate predecessor, and it is waived on appeal.
Smith’s second point of error is overruled.
In his third point of error, Smith complains the trial court improperly excluded evidence of a prior conviction of L.S. In 1972 L.S. was convicted of theft over $50.00 and thereafter successfully served out her probation for that offense. In 1987 L.S. was convicted and placed on probation for forgery. At the time of trial L.S.’s probation had been revoked, and she was serving jail time for the forgery conviction.
The trial court allowed defense counsel to cross-examine L.S. about the 1987 conviction but not about the 1972 conviction. Smith asserts that the trial court’s refusal to admit evidence of the 1972 crime for impeachment purposes was erroneous in light of Tex.R.Crim.Evid. 609. Tex. R.CRIM.Evid. 609(c)(2) provides:
Evidence of a conviction is not admissible under this rule if ... (2) probation has been satisfactorily completed for the crime for which the person was convicted, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment....
Id. Smith contends that, since L.S. was convicted of forgery after she completed her probation for the theft conviction, evidence of the theft conviction is admissible under Rule 609(c)(2) and exclusion of such evidence was improper.
The State asserts that section (c)(2) does not provide for blanket admissibility of evidence under these circumstances, but simply renders evidence of a conviction inadmissible if the conditions of section (c)(2) are not met. The State also contends that, even if evidence of L.S.’s theft conviction was not specifically prohibited under 609(c)(2), it was nevertheless inadmissible under Rule 609(b) because the 1972 conviction was too remote and its probative value did not outweigh its prejudicial effect. Tex.R.Crim.Evid. 609(b) provides:
Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the *279 witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
Id. (emphasis supplied). Whether to admit remote convictions lies within the trial court’s discretion and depends on the facts and circumstances of each case. Lucas v. State, 791 S.W.2d 35, 51 (Tex.Crim.App.1989).
In this case L.S. had successfully lived out her probation for the theft conviction eighteen years previously. Additionally, L.S. received only probation for the forgery conviction. The trial court could reasonably have determined, from these facts and circumstances, that the probative value of the 1972 conviction did not substantially outweigh its prejudicial effect. Thus, we will not disturb the trial court’s ruling on this issue.
Moreover, even if the trial court’s refusal to admit the 1972 conviction had been improper (and we do not intend to infer that it was) any error would have been harmless. The trial court admitted evidence of L.S.’s 1987 forgery conviction and of the fact that she was currently serving jail time for violating her probation for that offense. Moreover, the jury also received evidence that L.S. had used illegal drugs before and after the alleged assault by Smith. Because Smith was allowed to use this evidence to impeach L.S., we find beyond a reasonable doubt that the trial court’s refusal to admit evidence of the 1972 conviction made no contribution to the conviction or to the punishment. Tex. R.App.P. 81(b)(2); Alexander v. State, 740 S.W.2d 749, 765 (Tex.Crim.App.1987); Canto-Deport v. State, 751 S.W.2d 698, 700 (Tex.App.—Houston [1st Dist.] 1988, pet. ref’d).
Because the trial court did not improperly exclude evidence of L.S.’s 1972 conviction, and because the exclusion did not contribute to Smith’s conviction or punishment, we overrule Smith’s third point of error.
In his remaining point of error, Smith complains he was denied a fair trial because he was forced to participate in jury selection and to seat a jury prior to a change of venue hearing in a county where he could not get a fair trial.
Smith concedes that the trial court provided him a change of venue hearing and allowed him to present evidence at that hearing. Nonetheless, Smith asserts he was denied due process because the hearing was not held until after the jury was seated and sworn, even though defense counsel objected to this arrangement before the jury was chosen and again before the jury was sworn.
Smith mistakenly relies on several cases in which the Court of Criminal Appeals has held that a trial court abuses its discretion and denies a defendant due process of law when it overrules a change of venue motion without a hearing. See Revia v. State, 649 S.W.2d 625, 626-27 (Tex.Crim.App.1983); O’Brient v. State, 588 S.W.2d 940, 942 (Tex.Crim.App.1979); Henley v. State, 576 S.W.2d 66, 73 (Tex.Crim.App.1978). Notably, the issue presented in those cases was not whether the trial court erred in delaying its ruling on the appellants’ change of venue motions until voir dire had been conducted. See O’Brient, 588 S.W.2d at 941; Henley, 576 S.W.2d at 73. Thus, all of those cases are inapposite here.
Smith does not complain that the trial court overruled his change of venue motion without a hearing. Rather, he contends that the scheduling of the change of venue hearing violated his due process rights. This argument is unsupported in both the statutes and the case law. Tex. Code Crim.Proc.Ann. arts. 31.01-.03 (Vernon 1989) provides only for a requested change of venue hearing to be held before the trial is completed. Moreover, the Court of Criminal Appeals has stated that a trial court does not commit error by holding in abeyance a ruling on a motion to change venue until after jury selection. See Foster v. State, 779 S.W.2d 845, 852-53 (Tex.Crim.App.1989) (citing Henley, 576 S.W.2d at 72), cert. denied, 494 U.S. 1039, 110 S.Ct. 1505, 108 L.Ed.2d 639 (1990).
*280 In the instant case, Smith filed his motion for change of venue on July 8, 1991. Smith filed supporting affidavits, and the State filed its controverting affidavit on July 11, 1991. The venire panel was also called on July 11, 1991, and the trial court informed the panel members that a jury would be selected on that date and that a trial would begin the following Monday. After the trial court had generally instructed the panel, but before actual jury selection began, the following exchange transpired between defense counsel and the court out of the jury’s presence:
MR. WARE: And it’s my understanding before we have — we will have a hearing on our change of venue in the morning and the recusal. We wanted to make sure we didn’t waive it. [Emphasis supplied.]
THE COURT: For the convenience of the Court, I am going to permit further pretrial motions tomorrow. If you have good cause, I am going to permit a change of venue motion tomorrow.
MR. WARE: We would ask for the change of venue hearing prior to the time the jury selection begins.
THE COURT: That would inconvenience the Court, and it doesn’t make any difference. The main issue is whether or not we can get a fair jury.
And that’s denied and we will pick the jury now.
As promised, the trial court heard Smith’s motion for change of venue, which was denied, on the following day.
The portion of the record set out above indicates that defense counsel himself initially expected the change of venue motion to be heard on the day following jury selection. Once the court assured defense counsel that the motion would be heard, defense counsel requested that the change of venue hearing be held before the jury was selected. As the court stated, fulfilling such a request would inconvenience the court,[5] and Smith gave no indication, either at that time or in his brief, why the change of venue motion should be heard earlier or that the timing of the motion harmed him in any way.[6] Moreover, delaying the motion for change of venue hearing for only one day would have resulted in a minimal “waste” of time, money, and effort if the trial court had then granted the motion. See Henley, 576 S.W.2d at 73.
Because neither the statutes nor the case law preclude a trial court from scheduling a motion to change venue after the jury has been selected and sworn, and because the venire panel had already been summoned and instructed by the court, we find that the trial court did not abuse its discretion in delaying the hearing on Smith’s motion to change venue until after the jury was selected. We overrule Smith’s fourth point of error.
We reverse that part of the trial court’s judgment pertaining to admission of the facts underlying Smith’s capital murder conviction and remand this cause for a new trial on punishment only. We affirm the remainder of the trial court’s judgment.

.Smith’s pretrial contention was that, if L.S. had AIDS prior to the alleged assault and Smith did not test positive for AIDS, then evidence of both of these facts would tend to exculpate Smith as to the sexual assault. The State’s position was that expert testimony would show that, not only is it impossible to know whether someone has AIDS and whether it is communicable at the time, but that one exposure to it would not necessarily result in it being transmitted and that current testing for AIDS is not sufficiently reliable to show whether someone does or does not have AIDS at any- given time.

. Defense attorneys were not allowed access to L.S.’s jail medical records or to elicit testimony from L.S. regarding whether she had AIDS.

. Because of its nature, scientific evidence will almost always be offered through expert testimony. Kelly, 824 S.W.2d at 572 n. 9.

. Tex.R.Crim.Evid. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Id.

. .Depending on the length of the hearing, the panel members could also have been inconvenienced considerably. Holding a change of venue hearing on July 11 may have caused jury selection to run into July 12, thus requiring panel members to spend an extra day away from their families, jobs, and other responsibilities. Moreover, defense counsel's impromptu request for an earlier hearing would have inconvenienced the State if it had intended to use witnesses at the hearing.

. Smith points out that the State put on no testimony at the change of venue hearing and that the prosecutor merely stated that the jury was already chosen and that only one panel member had been excused for cause because of pretrial publicity. Smith also notes that defense counsel requested additional peremptory strikes or, alternatively, one additional strike because panel members had read of the case in the newspaper. Neither of these matters has anything to do with whether the trial court’s scheduling of the change of venue hearing was proper. Smith does not challenge the trial court’s denial of his motion for change of venue, nor does he provide any statutory or case law that would lead us to conclude that the trial court's ruling on that matter was improper. Thus, we have considered only the propriety of the timing of the hearing.