**Elliott Manuel SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00565–CR.**

Court of Appeals of Texas,
San Antonio.

July 11, 2001.

Albert D. Pattillo, III, Kerrville, for appellant.

E. Bruce Curry, District Attorney, Kerrville, Matthew W. Paul, State's Prosecuting Attorney, Jeffrey L. Van Horn, First Assistant State's Attorney, Austin, for appellee.

Sitting: PHIL HARDBERGER, C.J., ALMA L. LÓPEZ and KAREN ANGELINI, JJ.

Opinion by: ALMA L. LÓPEZ.

Our opinion issued May 9, 2001, is withdrawn. Elliott Manuel Silva appealed his conviction of aggravated robbery, complaining that the trial court abused its discretion and denied him due process of law by failing to afford him a pretrial hearing to present evidence in support of his motion to change venue. The State filed a petition for discretionary review. After reconsideration and upon conducting a harm analysis, we grant the relief requested by the State and affirm Silva's conviction.

### Procedural History

On June 19, 1996, Silva pled guilty to the offense of aggravated robbery. A jury sentenced Silva to life imprisonment and fined him $10,000. On September 17, 1997, we issued an opinion which reversed the trial court's judgment and remanded the cause for further proceedings. That opinion was withdrawn and superseded on denial of rehearing by *Silva v. State*, 986 S.W.2d 29 (Tex.App.—San Antonio 1998, *judgm't vacated*). On June 28, 2000, the Texas Court of Criminal Appeals vacated

our judgment and remanded the cause for reconsideration in light of its decision in *Young v. State,* 8 S.W.3d 656 (Tex.Crim. App.2000). *See Silva v. State,* No.1922–98 (Tex.Crim.App. June 28, 2000). On May 9, 2001, we rendered an opinion and again reversed the trial court's judgment. *See Silva v. State,* No. 04–96–00565–CR, 2001 WL 487207 (Tex.App.—San Antonio May 9, 2001, pet. filed). The State then filed a petition for discretionary review, asserting that we erred by failing to conduct a harmless error review in determining that the trial court committed error in denying Silva's motion to change venue.

### Change of Venue

The United States Constitution and the Texas Constitution provide that the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. U.S. Const. art. III, § 1, cl. 3; U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex.Crim.Proc. Code Ann. § 1.05 (Vernon 1989). Furthermore, the Fourteenth Amendment commands that no State shall deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. In satisfying an accused's constitutional rights, a change of venue may be granted in any felony or misdemeanor case on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons who are residents of the county where the prosecution is instituted if there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial, the truth and sufficiency of which the court shall determine. Tex. Const. art. III, § 45; Tex.Crim.Proc.Code.Ann § 31.03(a)(1). In addition, the credibility of the persons making the affidavit for change of venue, or their means of knowl-edge, may be attacked by the affidavit of a credible person; and the issue thus formed shall be tried by the judge, and the motion granted or refused, as the law and facts shall warrant. Tex.Crim.Proc.Code.Ann § 31.04.

Due to the publicity surrounding Silva's trial, he timely filed a written motion requesting a change of venue. The record on appeal reveals that Silva was prepared to present affidavits from two credible residents of Kerr County stating that he could not obtain a fair and impartial trial in Kerr County. The record further reveals that when the motion to change venue was called up at the pretrial hearing, the State then bench-filed controverting affidavits. Once Silva made his offer of proof with affidavits filed in support of his motion for change of venue, the filing of controverting affidavits by the State "joined the issues" and thus required the trial court to resolve this preliminary question. *See Henley v. State,* 576 S.W.2d 66, 72 (Tex.Crim.App.1978). In other words, after the State introduced controverting affidavits, Silva was then entitled to an evidentiary hearing so that the court could ascertain the "truth and sufficiency" of the matter. *See Henley,* 576 S.W.2d at 71–72.

■ The dictates of due process and article 31.03 necessitate that a defendant's right to an impartial jury and fair trial be protected, in the first instance, by the trial court. *See Henley,* 576 S.W.2d at 73. Yet, the trial judge at the pretrial hearing stated that "it is the court's intention to carry Silva's motion for change of venue to see whether anybody knows about the case and if an impartial jury can be picked." Silva's trial counsel expressed that "at a minimum, he would like to have a hearing outside the jury's presence to present evidence which would show that Silva could not obtain a fair trial in Kerr County."

Silva's trial counsel objected to the fact that no ruling was made at that time, and further stated that "Silva had a right to present evidence of the numerous mentions he had received in the newspaper over the past couple of weeks, as well as TV coverage, and that a ruling on the motion should be made before voir dire." The trial judge then announced that he was going to withhold his ruling on the motion to transfer venue in order to see if anybody recognized Silva, his name, or his appearance. The trial judge further stated that "if nobody connects him up with what happened, at that point I'll call you up to the bench and give you a ruling on the motion to transfer venue." After voir dire was concluded, the trial judge called Silva's trial counsel up to the bench and declared "in regard to the transfer of venue motion, in light of the response that only two or three people recognized Silva, I'm going to deny your motion to transfer venue."

 Even though only two or three jurors stated that they recognized Silva, he was nonetheless entitled to an evidentiary hearing to show that there were influences in the community which could affect the answers on voir dire, or the testimony of witnesses at trial or that for any other reason a fair and impartial trial could not be had in Kerr County. *See Henley*, 576 S.W.2d at 72. It is apparent from the record that the trial court predicated its denial of Silva's motion solely upon the successful qualification of a jury panel and thus failed to comport with statutory procedure. Because Silva had complied with article 31.03's requirements and was pre-

pared to making such a showing, the trial judge's refusal to grant Silva an evidentiary hearing to introduce evidence in support of his motion for a change of venue "precluded a determination, as contemplated by our law, of community attitude toward him and constituted a deprivation of due process." *See id.* at 73; *O'Brient v. State*, 588 S.W.2d 940, 942 (Tex.Crim.App. 1979). Thus, when an issue as to the propriety of venue is raised under articles 31.03 and 31.04, we hold that it is to be resolved only after a pretrial evidentiary hearing. The failure to do so is error.

### Harmless Error Review

 The Texas Court of Criminal Appeals has held that all errors, with the exception of certain federal constitutional errors labeled as "structural," are subject to a harmless error analysis.[1] *See Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997) (superseded by statute on other grounds). The issue raised in Silva's appeal has not been labeled a "structural" error, and thus we must review the error accordingly. Silva's right to a fair trial by an impartial jury is of constitutional dimension, and the question of change of venue certainly implicated Silva's constitutional rights. *See Adami v. State*, 524 S.W.2d 693, 703 (Tex.Crim.App.1975). And if the appellate record in a criminal case reveals constitutional error that is subject to the harmless error review, we must reverse a judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

---

1. "Structural" errors are constitutional violations affecting the "framework within which the trial proceeds, rather than simply an error in the trial process itself." *See Linton v. State*, 15 S.W.3d 615, 620 (Tex.App.—Houston [14th Dist.], 2000). Structural errors include: the total deprivation of the right to

counsel at trial; a judge who was not impartial; unlawful exclusion of members of the defendant's race from a grand jury; and the right to self-representation a trial. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

TEX.R.APP.P. 44.2(a). The record on appeal reveals that only two or three potential jurors recognized Silva and they were immediately excused from service. Moreover, the record indicates that the empaneled jury did not know Silva or have knowledge of his alleged crimes by way of television coverage or newspaper reports. Thus, we believe that the trial court's error in failing to afford Silva a hearing in which to present evidence concerning his motion to change venue did not contribute to Silva's judgment of punishment. Therefore, we affirm the jury's verdict of guilt and sustain Silva's conviction.